## Smith v. Hearne.

Two writs of error having issued, the Clerk returned thereto one single record, containing two judgments. The record being properly applicable to neither of the writs, they should be dismissed.

N. Smith, sued out two writs of error to the County Court of Clarke county, and gave two bonds to supersede the judgments below. The Clerk of the County Court returned the two writs and bonds jointly, and attached to them one transcript of record only. This transcript contained two judgments. It appeared that Smith had obtained two judgments before a Justice of the Peace, against C. Hearne, on two separate demands; that the defendant by one single petition, prayed for, and obtained a *certiorari*, from the County Court, to bring up both cases. There was but one *order* and *Certiorari bond*, for both cases; and they were returned jointly to the County Court, under one writ of *certiorari* only. At the January term, 1828, of the County Court, two judgments were rendered for the defendant, against the plaintiff, for costs. The whole was certified as one record only.

Bagby and Lyon, for Smith the appellant, assigned errors.

Parsons and Cooper, for the defendant in error, insisted that the writs of error should be dismissed.

By JUDGE COLLIER. In this case, two writs of error and two judgments, are certified jointly to this Court. The Court must consider the transcript as it is sent up without severing the judgments. If we had the right to do so, in this case, it would avail nothing; because the proceedings and judgment separately, would not constitute records on which we could act. Besides, there is nothing in the writs of error which enables us to say to which judgment they were designed, respectively, to apply; and were we to reject one of the writs, the plaintiff would not be benefitted. There would be still two judgments, which are not examinable on one writ of error. For these reasons, we are not permitted to examine the assignment of errors.

The writs of error are therefore dismissed.
22