## CRESWELL AND MONETTE *vs.* THE COMM'RS' COURT OF GREENE Co.

1. Two distinct final orders or decrees of the Commissioners' Court, one establishing a road, and the other granting a license to keep a ferry, cannot be taken to the Circuit Court by one writ of *certiorari*, although the ferry is a part of the road.

2. To authorize any one to be made a party to proceedings before the Commissioners' Court for establishing a road, or granting a ferry license, he must have a private right, as an individual proprietor, which he can vindicate by suit ; and the record must show his interest.

Error to the Circuit Court of Greene.

Tried before the Hon. ANDREW B. MOORE.

JOHN C. JOHNSON made application to the Commissioners' Court of Greene for the establishment of a road, and also for a ferry license ; and both of his applications were granted. The order establishing the road is as follows :

"It appearing to the satisfaction of the court, that thirty

days' notice of the application, as required by law, have been given, after hearing the evidence and the argument of counsel, it is considered by the court, that said application be granted; that the report of the jury of review, appointed at the last term of the court, be, and the same is hereby, ratified and confirmed; and it is ordered by the court, that the road, as laid out and marked by said jury of review, be established as a public road : that is to say (here follows a description of the route designated, commencing on the east side of the Warrior River, and " running in a north-west direction to the said river at the mouth of Big Creek, *thence across* the river, and along the highest point on the west bank of said river to the steam mill of John C. Johnson," &c.); upon the following conditions and stipulations, that is to say, upon the said John C. Johnson entering into bond, with good security, payable to the judge of the Probate Court and his successors in office, in the sum of $10,000, conditioned to cut out said road and put it in good repair, to furnish twenty-five good hands ten days' each year for the next five years after said road is opened, to work on said road on the east side of the river in addition to the hands that may be appointed to said road, if necessary to keep said road in good repair, and to pay all damages which may be assessed to private individuals in consequence of the said road running over their lands."

The order granting the ferry license is as follows :

" This day came the parties by their attorneys, and it appearing to the satisfaction of the court that thirty days' notice, as required by the statute, has been regularly given, and after hearing the evidence and arguments of counsel, it is considered by the court, that John C. Johnson be, and he is hereby, authorized and permitted to keep a ferry across the Black Warrior River at the mouth of Big Creek, upon his entering into bond, with good security, in the sum of $15,000, conditioned according to law."

The plaintiffs in error, on their application, were made defendants to these proceedings, and obtained a *certiorari* after the final orders were made, removing them into the Circuit Court; suing out but one writ, and giving but one bond. The circuit judge dismissed the *certiorari*, holding that the record did not show such an interest in the petitioners as entitled them to sue it out. This judgment of the court is now assigned for error.

WM. P. WEBB, and SYD. MOORE, for plaintiffs in error.
JOHN W. WOMACK, contra.

PHELAN, J.—This record contains two distinct final orders or decrees of the Commissioners' Court of Greene County, one establishing a public road, and the other granting to John C. Johnson license to keep a public ferry. They were brought up to the Circuit Court by one writ of *certiorari*, where a motion was made to dismiss the writ. This motion the Circuit Court granted, for two reasons . first, that two distinct decrees or judgments were united in one writ; and, secondly, because the petitioners for the writ, Creswell and Monette, were not shown by the record to have any such interest as would authorize them to be heard.

We consider both grounds well taken. There are two final judgments or decrees of the Commissioners' Court contained in this record, one for a road, and another granting a ferry license. Although the ferry may be intended to connect the two ends of this road, the action of the court upon the two matters was as distinct as if the ferry had been in a different part of the county. The Circuit Court, therefore, very properly dismissed the *certiorari* for this reason, and its judgment must be affirmed. 2 Stew. 169 ; 4 S. & P. 409 ; 6 Port. 208.

In the second place, we hold, that the interest which will authorize any one to be made a party to these proceedings in the Commissioners' Court, must be shown by the record, and must be an interest in property—something capable of individual ownership—and not a mere interest which the party holds in common with the rest of the community. It must relate to him separately as an individual proprietor, and exist as a private right, which he, as a private man, may vindicate by suit ; for, if it be only a right which he holds in common with the rest of the community, it is a public right, and is not placed by the policy of the law in the keeping of any private individual.— There is an open mode for vindicating such rights, but this is not it. Although, therefore, this record discloses that Creswell and Monette were made parties to these proceedings, the record does not show that they had any interest, and of course fails to show that they had such an interest as would give them any right to be made parties. For this reason, also, the *certiorari*

should have been dismissed. On these points see 11 Ala. 245; 15 ib. 134; 18 ib. 694; 22 ib. 484.

We must here dismiss the case, without considering the main questions upon which our judgment is elicited, both by the argument and the assignment of errors; but we deem it most proper, as a general rule, not to hazard an opinion, when it is a mere opinion of the court on the question, and does not settle the law of the case.

Let the judgment of the Circuit Court be affirmed.