# Carter *et als. v.* Court of County Commissioners.

## *Petition for Certiorari.*

1. *Judgment of Court of County Commissioners increasing valuation of property.*—The judgment of the Court of County Commissioners increasing the valuation of property as assessed for taxation, is a separate and distinct judgment as to each tax payer; and *certiorari* will not be awarded to bring up for review jointly, judgments involving different rights.

APPEAL from Etowah Circuit Court.

John H. Carter, with a number of others, united in a petition to the Hon. James Aiken, judge of the 9th judicial circuit, praying a writ of *certiorari,* directed to the Court of County Commissioners of Cullman county, in said judicial circuit, and returnable to the Circuit Court of said county of Cullman, praying that the proceedings of the Court of County Commissioners, in reference to matters in said petition specifically set forth, might be reviewed and corrected. The petition further prayed an injunction against the tax collector of said county, to restrain him from selling the property of petitioners for the payment of the taxes assessed upon the valuation as fixed by said Commissioners Court. The petition set out that petitioners had regularly returned their property for taxation to the assessor, at its correct valuation ; but that the Court of County Commissioners, at their August term, 1885, had arbitrarily and illegally increased the valuation of the property returned by petitioners, setting forth specifically and at length the amount of such increased valuation in the case of each of the petitioners. The petition was presented to Judge Aiken, who made the following endorsement on the same : "After a careful consideration of the foregoing petition, it is ordered, adjudged and decreed that the prayer of the petition be, and is

[Gayle et al. v. Johnston.]

hereby refused on the following grounds, viz: 1st. That the petition shows that the Commissioners Court had jurisdiction of the subject-matter, and that the proceedings are regular on their face. 2d. It does not show that the petitioners have made application to the Commissioners Court to have the error complained of, in any way corrected. 3d. The petition shows no ground of relief."

From this action of the circuit judge, petitioners took an immediate appeal to this court, returnable to the first Tuesday in April, 1886, assigning as error, the refusal to grant said writ, together with assignments of error in regard to various irregularities in the Court of County Commissioners.

H. L. WATLINGTON, and WATTS & SON, for appellant.

GEO. H. PARKER, and HAMILL & LUSK, contra.

CLOPTON, J.—The judgment of the Court of County Commissioners, increasing the valuation of property as assessed for taxation, is a separate and distinct judgment as to each taxpayer, in which the other tax-payers have no individual interest. The petition is brought by fourteen different persons, and seeks, by one petition and one writ, to bring up for revision as many judgments. There is no community of interest between the petitioners, and no connection between the judgments. Different rights are involved, and the parties are different in each case. The appellate court has no authority to consolidate them, and render one judgement as to all. Two or more distinct orders of the Commissioners Court can not be taken to the Circuit Court by one writ of *certiorari.*—*Croswell & Monette v. Coms. Court,* 24 Ala. 282; *Davis v. Calhoun, Ib.* 437.

Affirmed.