# Walker v. The State.

*Indictment for Perjury.*

1. *De facto officer.*—One acting as deputy clerk of a circuit court under claim and color of authority, having been appointed to that position by the clerk, but never having qualified as such deputy by taking the oath required by law, is a *de facto*, but not a *de jure* officer.

2. *Same; validity of acts.*—The acts of a *de facto* officer, in his assumed official capacity, will on grounds of public policy be held to be valid upon collateral attack, and when the rights of third persons depend upon their practical validity—notwithstanding he is not "duly authorized" to perform any official duty or act.

3. *Same; oath administered by, cannot be assigned as perjury.*—Perjury cannot be predicated on an oath administered by a *de facto* deputy clerk.

4. *Ministerial act may be performed for officer by another at his instance and in his presence.*—A ministerial act done by one under the authority, and by the direction or with the knowledge and assent, and in the presence, of an officer duly authorized to perform the act, is the act of the officer himself.

5. *Same; case at bar.*—Where affiant was in fact sworn by an unauthorized officer, but in the presence and under the direction of an officer duly authorized, whose name was signed to the jurat, the oath will be held to have been administered by the duly authorized officer, and a prosecution for perjury may be predicated thereon.

6. *Offer of evidence not admissible generally but for special purpose must be confined to the latter.*—In a prosecution for perjury for denying the execution of a mortgage, evidence of the genuineness of the signature of an attesting witness who had died was admissible to prove the execution of the mortgage in accordance with the formalities required by law, but it could not be considered as evidence that defendant signed the mortgage.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

[Walker v. The State.]

The facts of the case are sufficiently stated in the opinion.

JOHN G. WINTER, for the appellant —As the indict-ment charged that Elbert Holt was the duly and regu-larly appointed deputy clerk of the circuit court, and as the evidence shows, that, he had not complied with the law to duly qualify him for that office, the objection to the affidavit ought to have been sustained.—*Joseph v. Cawthorne*, 74 Ala. 411; *Floyd v. The State*, 79 Ala. 39; *Mathis v. Carpenter*, 95 Ala. 156. The testimony of the witnesses as to the genuineness of the signature of D. H. Workman, where his name appears as a witness, &c., in the mortgage introduced in evidence, ought not to have been admitted. It invaded the constitutional right of the defendant "To be confronted by the witnesses against him."—Constitution, Art. 1, Sec. 7, page 21.

Charges 5 and 6, to the effect, that the evidence of the witnesses to the genuineness of the signature of the justice of the peace (Workman) can not be considered by the jury as evidence of the fact, that defendant signed the mortgage, ought to have been given. We also cite as construing the foregoing article of the Constitution : *Wills v. The State*, 72 Ala. 362; *Marberry v. The State*, 67 Ala. 55; *Green v. The State*, 66 Ala. 40; *Buckley's Case*, 64 Ala. 620.

WM. C. FITTS, Attorney-General ; and TENNENT LOMAX, Solicitor for Montgomery county, for the State.—Elbert Holt was *de facto* deputy clerk of the circuit court, and, if this is true, it is insisted that, though in *Merlette's Case*, 100 Ala. 42, the question is left open, this court is so committed to the doctrine that the acts of a *de facto* officer are valid and binding, it must be held that the oath in this case having been taken before such an offi-cer, it is legal and may be the basis of an assignment of perjury?

Under the rule laid down in *Cary v. State*, 76 Ala. 78, there can be no doubt that Elbert Holt was a *de facto* officer ; also within Lord Ellenborough's definition quoted in this decision. This proposition being true, was the oath taken before him legal and binding "in such sort" that it could be made the basis of an assignment of perjury?

[Walker v. The State.]

In *Mayo v. Stevenson*, 2 Ala. 390, this court refused to reverse a judgment rendered by a court, the judge of which was ineligible, because it is "too well settled that the acts of a judge *de facto*   *   *   *   are valid and irreversible."

A conviction for resisting an officer who was incapacitated to hold the office, the duties of which he was performing was sustained because he was a *de facto* officer. *Heath v. State*, 36 Ala. 273. A judgment rendered by a judge *de facto* (though his election or appointment was void) was held valid and binding. *Masterson v. Matthews*, 60 Ala. 250. Resisting a *de facto* constable was held a violation of the statute against resisting an officer although the constable was a minor and ineligible.— *Floyd's Case*, 79 Ala. 39. To the same effect is *Andrews v. State*, 78 Ala. 483. In Illinois, it is in effect held that perjury may be assigned of an oath taken before a *de facto* officer. *Morrell v. State*, 32 Ill. 499.

The contrary doctrine was held in New York in the case of *Lambert v. People*, 76 N. Y. 220, but by a divided court, and the case is criticized in Throop on Public Officers, § 653, that author seeming to lean to the Illinois doctrine.

It is insisted, however, that the Alabama cases above cited commit us to the doctrine held in Illinois, and must lead to the conclusion that the act of a *de facto* officer in administering an oath is so far valid and binding as to authorize the assignment of perjury upon it. Again; it is insisted that the oath having been administered by a person upon whom the clerk had attempted to confer authority so to do, in the presence and hearing of the clerk, the affidavit having been signed in the presence of the clerk, and the jurat having been written in his presence and signed with his name in his presence, and by his consent, if not by his actual direction, it was to all intents and purposes and in legal effect, an administration of the oath by the clerk himself, and therefore, competent and legal evidence to sustain the averments of the first count in the indictment.—*Stephens v. State*, 1 Swan. (Tenn.) 157 ; *Keator v. People*, 32 Michigan, 484 ; *Warwick v. State*, 25 Ohio St. 21 ; *State v. Knight*, 84 N. C. 789.

It is admitted that the weight of authority seems to be against the contention that a *de facto* officer can adminis-

ter an oath upon which perjury may be assigned. See note to *State v. Shupe* 85 American Decisions, p. 490, where the authorities are collated. In many of these cases the precise question here raised is not presented and some of them do not support the doctrine of the text of the note. While all of them perhaps are authority to the proposition that "the oath must be taken before an officer having competent authority to administer it;" in many of them the question of the competency of a *de facto* officer to administer the oath is not considered. It is insisted, however, that in this State we are committed by the authorities above cited to the doctrine that in a collateral proceeding the authority of a *de facto* officer can not be questioned as is held in *Keater v. People*, 32 Mich. 484, and, hence, that it must be held the officer here, being a *de facto* officer, the oath administered by him is legal and therefore perjury may be committed in falsely swearing on such oath.

The evidence of the witnesses to the signature of Workman was relevant and properly allowed to go to the jury. The mortgage was clearly admissible under § 1798 of the Code without such proof; this section not being confined to civil cases. *Stanley v. State*, 88 Ala. 154. But without this, this testimony was admissible because in its nature it was a solemn admission proceeding from defendant himself, of the fact of his signature to the mortgage; it was the witness called by him, or the vehicle of proof selected by him, of the fact of his signature. It was clearly documentary or written evidence springing from the appellant himself, and therefore clearly admissible. *United States v. Wood*, 14 Peters (U. S.) 430; 18 Am. & Eng. Encyc. of Law pp. 324 & 325; note 4; 3 Rice on Evidence p. 797.

One witness, Cross, having testified to the fact of appellant's signing the mortgage, it was competent to prove the handwriting of the magistrate before whom appellant acknowledged his signature (the magistrate being dead) as a corroboration of the testimony of the living witness.

And, if as contended, the mortgage was admissible without proof of its execution, it itself, furnished the corroboration, and the proving of the signature or handwriting of Workman was without any influence unfavorable to the appellant.

[Walker v. The State.]

McCLELLAN, J.—This is a prosecution for perjury. The indictment contains two counts each charging that Walker made a false affidavit on an application for a new trial of a cause before the circuit court of Montgomery county, in which he was a party, and which had been tried and decided against him. In the first count it is alleged that Walker was duly sworn "by the clerk of said circuit court, who had authority to administer said oath." In the second count, the averment is that the oath was administered "by Elbert Holt, who was the duly and regularly appointed deputy clerk of said circuit court, and who had authority to administer such oath." The evidence showed that the oath was in fact administered by said Elbert Holt, but in the presence and to the knowledge of E. R. Holt, the clerk of the court, and the affidavit purports on its face to have been made before E. R. Holt as such clerk, and to the jurat is signed the name of E. R. Holt, clerk. Elbert Holt was at the time acting as deputy clerk of the court under claim and color of authority, having been appointed to that position by the clerk, but he had never been qualified as such deputy by taking the oath required by statute. Code, § 767.

On these facts Elbert Holt was a *de facto*, but not a *de jure* officer, and while his acts in his assumed official capacity would, on grounds of public policy, be held to be valid and efficacious upon collateral attack, and when the rights of third persons depended upon their practical validity; yet he was not "duly authorized" to perform any official duty, or do any official act; his alleged administration of the oath to the defendant as deputy clerk of the court was without authority of law, and perjury cannot be assigned upon it. 18 Am. & Eng. Ency. of Law, p. 304; *Rex v. Verst*, 3 Camp. 432; *Biggerstaff v. Commonwealth*, 11 Bush, (Ky.) 199; *Muir v. State*, 8 Blackf. (Ind.) 154. Code § 3908.

But it does not follow that there could be no conviction here, or that the trial court erred in any of its rulings pertaining to this part of the case. The evidence, as we have seen, shows that while Elbert Holt in point of actual physical fact administered the oath to the defendant E. R. Holt, the clerk, was present at the time, knew what was going on, and directed or assented to the administering of the oath which was done in his name

as such clerk, and the evidence of which, the jurat, was made out and stands in his name and official capacity. That this actual administration by Elbert Holt was under the circumstances in legal contemplation the official act of E. R. Holt, the *de jure* clerk of the court, is fully settled by the authorities; *State v. Knight*, 84 N. C. 789, 793; *Stephens v. State*, 1 Swan (Tenn.) 157; *Oaks v. Rodgers*, 48 Cal. 197; and this upon the general principle that a ministerial act done by one under the authority, and by the direction or with the knowledge and assent, and especially in the presence of an officer duly authorized to perform that act is the act of the officer himself.

The oath alleged to have been falsely made by the defendant was to the effect that he had not signed a certain conveyance of land. It was essential to the materiality of this oath that it should be made to appear that this instrument was, if signed at all by the defendant, executed with the formalities required by the statute. To this end it was entirely proper, for the purpose of showing the attestation of two witnesses thereto for the State to prove that one of the persons whose name was appended in that capacity was dead and that the subscription was in the handwriting of the dead witness. But this was the extent to which this evidence could be looked to in the case—to show, assuming defendant had signed, that the instrument was executed with the statutory attestation necessary to a valid conveyance of land. It could not be looked to on the question whether in point of fact the defendant had signed his name to the instrument; upon this question he was entitled to be confronted by the witnesses against him and not be prejudiced by evidence that the paper bore the names as attesting witnesses of persons who are not examined on the trial. The court should, therefore, have given the 6th instruction requested by the defendant which was in the following language: "The evidence introduced by the State of the genuineness of the signature of Workman (the attesting witness who had died) as a witness found on the mortgage can not be considered by the jury as evidence of the fact that the defendant signed said mortgage." For the error committed in the refusal of this instruction, the judgment must be reversed. The cause will be remanded.