# Tallassee Falls Mfg. Company *v.* Jones.

## *Application for Certiorari.*

1.  *Pleading and practice; how one not named as party can become party to pending suit.*—Where a person, who is not named in the pleadings as a party, voluntarily becomes a party to a proceeding, and is so treated by his adversary, and the court hearing the cause, a formal order declaring him a party to the suit is not indispensable.

2.  *Same; same; ad quod damnum proceedings.*—In an *ad quod damnum* proceedings where a person not named in the petition as a party interested comes into court, and files an affidavit of contest and joins in the pleadings incident to maintaining such contest, and the petitioner and the court hearing the cause treat him as a party, he will be considered on appeal as having been regularly made a party to the proceeding, although the record does not show any formal order by the court so declaring him.

3.  *Ad quod damnum proceeding; erection of dam for factory; interest of party contesting.*—In an *ad quod damnum* proceeding, where the petitioner asks to be authorized to erect a dam across a water course, for the purpose of operating a factory thereon, where a corporation seeks to be made a party and to contest the granting of the petition, as provided under the statute (Code, § 1744), if the affidavits filed by the contestants to show an extent of its interest discloses that the affiant's only interest was that it owned a cotton factory, located three miles below the proposed site of the prospective dam, in question, and it was further shown that the danger from possible overflow was not the result of back water caused by said dam, but only such as might happen in the event of sudden destruction of the dam, and that the injury that may result to the affiant was that the dam may at intervals stop the flow of water in its usual volume, such contestant is not shown to be a party interested within the meaning of the statute, nor is the danger or injury shown by the affidavit such as is contemplated.

APPEAL from the Circuit Court of Elmore.
Tried before the Hon. N. D. DENSON.

[Tallassee Falls Mfg. Co. v. Jones.]

On February 21, 1899, the appellee, H. C. Jones, filed his petition in the probate court of Elmore county praying to be permitted and authorized to build a dam across the Tallapoosa river. It was averred in the petition that Jones was the owner of the lands on both sides of the stream at the point where the dam was to be erected, and that he proposed to build a factory on the west side of the river; and that he made application for authority "To erect a dam for a factory to be operated for the public, under Article 2, Chap. 42 of the Code of 1896;" it being averred that the factory was to manufacture and generate electricity which was to be sold and used by the public generally. On April 27, 1899, while proceedings were still in the probate court of Elmore county, the Tallassee Falls Manufacturing Company, the appellant, filed an affidavit, together with bond, for costs, as is authorized under section 1744 of the Code of 1896. In this affidavit, which was made by the attorney of the Tallassee Falls Manufacturing Company, as its agent, it was set forth that said company was a corporation under the laws of the State of Alabama, and was "interested against the granting of the above referred to petition filed by H. C. Jones." It was further averred in said affidavit that the Tallassee Falls Manufacturing Company was "the owner of a dam and factories lower down the Tallapoosa river than that proposed to be erected, which dam and factories, it is claimed, will be endangered by the erection of a dam of the height and at the location proposed by said Jones." The bond accompanying this affidavit was in due form and was duly approved. Upon the filing of these papers the court issued a notice to the petitioner, Jones, which was served upon his attorney on May 11, 1899. This notice cited that the hearing of the cause was set for May 19, 1899. Subsequently by agreement of counsel the cause was further continued to June 13th. On the last named date the cause being called for hearing, the petitioner, Jones, filed a motion to dismiss the contest, and also demurred to the affidavit of contest upon the ground that said

affidavit did not set forth facts, showing that the Tallassee Falls Manufacturing Company had such an interest as would authorize it to contest. The court overruled the motion to dismiss the contest. Thereupon the Tallassee Falls Manufacturing Company filed a contest by way of amendment, together with a bond for costs, which bond was approved. This affidavit of contest follows the words of the statute without containing any statement of the character or extent of the interests of the Tallassee company. A demurrer was interposed to the second affidavit on the same grounds as those interposed to the first affidavit. The court sustained the demurrer. The Tallassee Falls Manufacturing Company then filed a further affidavit, and bond, with a motion to be permitted to defend. In the third affidavit filed it is averred in substance that the Tallassee company had erected a large plant on the river, to-wit: three miles below the proposed site, consisting of cotton factory buildings and machinery, machine shops, grist mill, etc., and had also erected a dam across the Tallapoosa river for the purpose of furnishing water power to said plant. That to the "present time" it had been receiving and using the uninterrupted flow of the waters of the Tallapoosa river as the motive power of the plant—the plant having been built to be so operated. That besides its main buildings there were about 188 operatives' houses connected with the plant in which the operatives and their families resided—making a population of 2,000 or 2,500 people. That a dam erected at the site prayed and for the use stated in the application of Jones, would, "even if not of the height of fifty feet, somewhat obstruct the natural flow of said stream, and with a height of fifty feet would put it in the power of those operating said proposed site in the summer months, when the flow of water is small, to obstruct the flow of said stream as to entirely deprive this defendant of the flow of water of said river at intervals. That the existence of the power to practically determine as aforesaid the quantity of water that would be available to this defendant and to reduce it to nothing

at intervals, and in the absence of an agreement or arrangement by which this defendant will be able to recover such deprivation, if it should occur, except by a resort to the courts, would have the effect of deteriorating the value of the properties aforesaid of the defendant. That said Jones has never given the said company any notice of the filing of his application or of its pendency, and has not caused any damage that would arise as aforesaid to be assessed or paid.

It is then alleged the company is further interested against the granting of the petition because, as is alleged, the site of the proposed dam is across a gorge between two hills where the river is narrower than usual, to-wit: about 500 feet in width. That such a dam would, as is stated on information and belief, back the water up the river some seven miles and into the creeks emptying into the river some three miles. That if said dam should burst when the river was high, it would sweep away defendants' plant and endanger the lives of those living near and on the river below said site. That by reason of the immense pressure upon such a dam in times of high water it would be likely to give way unless the foundations should be laid in the most approved manner. That the petition of Jones does not show how the dam is to be constructed as to materials, depth, or dimensions of foundations. That, under the circumstances, the defendant is interested against the petition "unless and until it appears on issue joined in pleadings which the defendant will file (if the court should hold it has the jurisdiction of the proceedings instituted by said Jones) that the dam to be erected is not dangerous to the lives and property of persons living on or near said stream below said dam."

And the defendant further states that "the probability that said dam may break is a fact that would, as it states on information and belief, deteriorate the value of the defendant's plant. But said Jones has never paid or offered to pay any such damages or caused the same to be assessed."

It is next stated that a bridge owned by the defendant spans the river to connect the plant of defendant

which lies on both sides of the stream. That the conditions already stated which would destroy defendant's plant, would, as is stated on information and belief, sweep away the bridge also. That the bridge at each end connects wih a public road.

The respondent then prays that it be permitted to defend against said petition upon giving security for costs which it tendered. This last affidavit was subsequently amended, and, as amended, it averred "The erection by the Tallapoosa company of its plant and of a dam across the river to furnish water to operate it. It is alleged that a dam of the height of fifty feet which Jones has shown by his petition he intended to erect, would be higher than is necessary to control water sufficient for the daily operations of the plant or factory 'which he was to erect' and that such dam is intended for the storage of immense quantities of water for use during the summer months. That so great will be the storage capacity created by said dam at that height that, affiant states on information and belief, it would store as much as said proposed plant would require for its use for a large number of days, to-wit: forty days. * * * "That the natural and normal flow of water used and necessary to be used by the plant of said Tallassee Falls Manufacturing Company, it will necessarily be obstructed in filling said storage reserve created by said dam. That while it is true that whatever water is stored must sooner or later come down to the plant of the said Tallassee Falls Manufacturing Company, it will not, in the summer months, when the water is low, come in its natural unobstructed course, but only after it is first utilized or permitted to escape by those who shall operate said plant. That by erecting a dam of that height said persons so operating said plant will be able to control, in the summer months when the river is low, the amount of water said Tallassee Falls Manufacturing Company and the times when it should have it in the twenty-four hours.

To the third affidavit as originally filed, and as amended, the petitioner demurred upon the ground

[Tallassee Falls Mfg. Co. v. Jones.]

that said affidavit did not set out facts showing that the Tallassee Falls Manufacturing Company had such an interest as would authorize it to contest; and that the interest disclosed was insufficient.    These demurrers were sustained; and the judgment entry after reciting pleadings and rulings on the same then continued as follows: "The said Tallassee Falls Manufacturing Company declining to plead further, it is ordered that the several grounds be and are hereby disallowed, and that it be not permitted to contest said application on the grounds set forth in said affidavits and contest on file." Upon this statement of the records, the Tallassee Falls Manufacturing Company presented to Hon. N. D. Denson, judge of the Fifth Circuit, its application for a common law writ of *certiorari*, or other remedial writ for the purpose of correcting errors said to have been committed by said probate court in its said rulings. The writ of *certiorari* was granted and the record was transmitted to the circuit court, where errors were assigned by the Tallassee Falls Manufacturing Company. At the hearing in the circuit court the petitioner, Jones, submitted a motion to dismiss or quash the writ of *certiorari* upon the ground that the Tallassee Falls Manufacturing Company's affidavits of contest were insufficient, and did not show that it had an interest of the character which authorized it to contest the petition.    Upon hearing the motion, the circuit court quashed the writ upon the ground that the petition for *certiorari*, in connection with the record, failed to show that the petitioner therefor had such an interest in the matter of the litigation as to authorize and warrant it in maintaining the petition for common law writ of *certiorari*.    From this judgment quashing the writ and dismissing the writ of *certiorari* the Tallassee Falls Manufacturing Company appeals, and assigns the rendition thereof as error.

J. M. CHILTON, for appellant.—The probate court erred in sustaining the demurrers to the several affidavits filed by the contestant.    Each of such affidavits

disclosed the fact that the Tallassee Falls Manufacturing Company was a party interested within the meaning of the statute.—Code, § 1744. As the statute gives the right and prescribes what the affidavit shall state, namely, that "the person" is interested "against the granting of the application, it was sufficient to use the word of that statute, especially as it was not intended it should present the issues, but was merely an act preliminary to admission as a party. Even in an indictment, presenting, of course, issuable matter, it is ordinarily sufficient to pursue the words of the statute creating the offense.—*Mason v. State,* 42 Ala. 543; *Johnson v. State,* 53 *Ib.* 583; *Bush v. State,* 15 *Ib.* 415.

The petition of Jones did not confer jurisdiction. The statute regulating the erection of dams recognize that the right of eminent domain can never be exercised except for public purposes. The privilege granted by the statutes being against common right, the law must be strictly construed against the applicant. *Owen v. Jordan,* 27 Ala. 608; *Bottoms v. Brewer,* 54 *Ib.* 288; *McCulley v. Cunningham,* 96 *Ib.* 583. The use must be a *public use.* Such is the requirement of the constitution. It follows that a use which is not, in *fact,* public, cannot be made public by statute.—*Bottoms v. Brewer, supra.* "The water grist mill, saw mill, gin or factory," must be operated for the public." Authorities, *supra;* Code, § 1727; *Sadler v. Langham,* 34 Ala. 311.

The affidavits disclosed sufficient interest of the Tallassee Falls Manufacturing Company to authorize them to contest the erection of the dam.—Gould on Waters (3d ed.), § 611, note 2; *Bottoms v. Brewer,* 54 Ala. 288; Lewis on Eminent Domain, § 222 (where numerous cases are cited); *City Council v. Maddox,* 89 Ala. 181; *C. & W. R. R. v. Witherow,* 82 Ala. 190; *City Council v. Maddox,* 89 *Ib.* 181; *Town of Avondale v. McFarland,* 101 *Ib.* 383. It was shown by said affidavit that the Tallassee company would be injured if the dam was constructed.—Gould on Waters (3d ed.), * 213, p. 419; *Harding v. Stamford Water Co.,* 41 Conn. 87; *Clapp v. Herrick,* 129 Mass. 292.

[Tallassee Falls Mfg. Co. v. Jones.]

HOLLOWAY & HOLLOWAY, *contra.*—The appellant was not a party interested in the *ad quod damnum* proceeding within the meaning of section 1744 of the Code of 1896. The appellant, as petitioner for a writ of *certiorari* in the circuit court below, must show that it had an individual interest in the matter involved in this suit, and that there were errors committed by which it was injured. The judgment of the probate court was properly left undisturbed, and the writ of *certiorari* was rightfully quashed.—Harrison on *Certiorari;* Century Digest on *Certiorari;* 4 Am. & Eng. P. & P., 36; Lewis on Eminent Domain, 543; Christian's Case, 82 Ala. 307; *Benton v. Taylor,* 46 Ala. 388; *Storm v. Odell,* 2 Wend. 287; *Savage v. Gulliver,* 4 Mass. 171; *Mt. Morris Square,* 2 Hill (N. Y.), 14; *People v. Shepherd,* 28 Cal. 13; *Creswell v. Commissioners Ct.,* 24 Ala. 282; *Parnell v. Court,* 34 Ala. 278; *Moore v. Hancock,* 11 Ala. 245. Before the appellant could have been allowed to contest it must be shown that he was sufficiently interested to come within the language of section 1733 of the Code. The meaning under this section is, that appellant should have been, in order to be allowed to contest, interested to the extent of owning land that might be overflowed or injured by the dam, or the owner of some mill, gin or factory that would be overflowed.—*Frost v. Barnes,* 47 Ala. 279; *Creswell v. Commissioners Ct.,* 24 Ala. 282; *Parnell v. Court,* 34 Ala. 278; *Moore v. Hancock,* 11 Ala. 245. There are a number of reasons why the writ should have been quashed. We do not desire to prolong this brief and wary the court by discussing them. We wish however, to say that appellant was not entitled to the common law writ of *certiorari,* if *it had another remedy.* We will not discuss its remedy by *injunction.* We cite, however, on this proposition, 4 Am. Ency. P. & P., 170; Lewis on Eminent Domain, 631, 632, 634. Appellant also had the right of appeal.—Code, 1896, §§ 426, 457.

DOWDELL, J.—The appellant, the Tallassee Falls Manufacturing Company, filed its petition in vacation

to the judge of the fifth judicial circuit, praying for a common law writ of *certiorari* to the probate court of Elmore county for the purpose of reviewing certain *ad quod damnum* proceedings had before said probate court. The judge made an order granting the preliminary writ, making the same returnable to the fall term, 1899, of the circuit court of Elmore county. In obedience to said writ, the probate judge returned to the circuit court a complete transcript of all the proceedings had in said probate court. At the spring term, 1900, of said court, a judgment was rendered by said court quashing the said writ of *certiorari*, and from this judgment of the said circuit court the present appeal is prosecuted. The appellant, the Tallassee Falls Manufacturing Company, was not a party to the application for the *ad quod damnum*, nor was it brought into the probate court by the return made by the jury of inquest, but after the report of the jury of inquest, and before the final order was made thereon by the probate court, it, (the said company), filed an affidavit of interest, with security for costs, under section 1744 of the Code, and at the same time it filed demurrers to the application for *ad quod damnum*.

The first question presented by this record for our consideration is as to whether the Tallassee Falls Manufacturing Company ever became a party to the proceedings in the probate court, the contention by the appellant being that it never became a party. This contention, we think, is without merit. While the record does not show any formal order was made by the probate court making the Tallassee Falls Company a party, yet we think it clearly appears from the proceedings had in said court, as shown by the present record, as well as from the conduct of the parties, that the Tallassee Falls Company was treated as a party. Where one voluntarily becomes a party to a proceeding, and is so treated by his adversary and the court hearing the cause, a formal order declaring him a party to the suit will not be deemed indispensable. As above stated, the appellant, at the time of making and filing the affidavit and security for costs, under section 1744

filed its demurrers to the application of the appellee, H. C. Jones. Thereupon the court made an order setting a day for the hearing of the contest, giving notice of the same to both the Tallassee Falls Company and the applicant for *ad, quod damnum,* H. C. Jones. On the day for the hearing the cause was continued to another day *by agreement of parties.* The subsequent proceedings were had upon the demurrers to the affidavit and amended affidavits filed by the Tallassee Falls Company, until the stage was reached where, as recited in the judgment entry, "the Tallassee Falls Manufacturing Company, declining to plead further it is ordered that the several grounds be and the same are hereby disallowed, and that it is not permitted to contest said application on the grounds set forth in said affidavits and contest on file." We think it quite evident that in the affidavit filed and as subsequently amended, from the course of the proceedings taken in the cause, that the parties, as well as the court, regarded such proceedings as a form of pleading in making up the issues of the contest. Although section 1744 provides that "In all applications under this article, any person making affidavit that he is interested against the same, and giving security for the costs if he fail to defeat such application, must, at any time before such application is granted, be permitted to make himself a party, and to contest the same;" still it is hardly to be questioned that after the making of such formal affidavit, whenever it is made known to the court that, notwithstanding such affidavit, the party making the same is not in fact, within the meaning of the statute, an interested party, it would become the duty of the court, by a proper order, to terminate such contest. If it were otherwise, by making the affidavit of interest, under the broad and latitudinous terms of the statute, which does not require any specific allegation as to interest, having once made such affidavit, would be let in to contest the application to the end, without having the slightest interest in the proceedings as contemplated by law. The Tallassee Falls Company, after being treated by the appellee, as well as the court, as a party, made known to

the court the extent of its interests in the amended affidavits. By these affidavits it was shown that affiant had a cotton factory located three miles below the proposed site of the prospective dam in question in the *ad quod damnum* proceedings, the danger from possible overflow being, not the result of backwater caused by said dam, but such only as might happen in the event of a sudden destruction of the dam precipitating in volume the water accumulated in storage by said dam. This is clearly not such an overflow resulting from the erection of the dam as contemplated in the statute. It is also averred in the affidavit that the dam may at intervals stop the water from flowing in its usual volume, but that is not such an injury to affiant as would make it an interested party within the meaning of any of the provisions of article 2, chap. 42 of the Code, relating to *ad quod damnum* proceedings. *Frost v. Barnes,* 47 Ala. 279; *Creswell v. Commissioners' Court,* 24 Ala. 282; *Parnell v. Commissioners' Court,* 34 Ala. 278.

There are other questions argued by counsel for the appellant, which we deem it unnecessary to consider, since they are such questions as only could be raised by a party interested within the meaning of the statute. We are of the opinion that the circuit court committed no error in the judgment quashing the writ of *certiorari,* and the judgment will, therefore, be affirmed at the cost of the appellant.

Affirmed.