# Stewart v. Cox *et al.*

APPEAL from the Geneva Circuit Court.
Tried before the Hon. JOHN P. HUBBARD.

W. O. MULKEY, for appellant.

No counsel marked as appearing for appellee.

On the 21st of August, 1897, J. W. Stewart, the appellant, commenced suit before a justice of the peace against J. H. Caraway, on a note for $26, on which, on the 28th of August, a judgment was rendered in favor of plaintiff against defendant for $31.60. The same day the defendant appealed to a jury, before which a trial was had, on the 11th September, 1897; the jury returning a verdict for the plaintiff for $33.30. No formal judgment appears to have been entered on this verdict, but the verdict was entered on the docket of the justice. The bond for the appeal to the jury was signed

by defendant, Caraway, the appellee, with William Cox and W. G. Watford as sureties.

From this judgment the bill of exceptions states "the defendant Caraway took an appeal by *certiorari* issued by a judge of probate to the next term of the circuit court."

The justice of the peace subsequently proceeded in said cause, by issuing notice to said defendant, Caraway, to show cause why the plaintiff might not have execution "issued on his said judgment" on appeal to a jury trial in said cause of J. W. Stewart against him. It appears the sureties on said bond were also notified and on the 6th of December, 1899, the justice rendered judgment against the defendant and said William Cox and W. G. Watford, the sureties on said appeal bond, for $33.30, and execution issued on the same.

The said Cox applied to the judge of probate of said county, and obtained a statutory writ of *certiorari* to the next term of the circuit court, and entered into the prescribed bond with sureties, to remove the said last named proceeding before said justice into the circuit court. The plaintiff, Stewart, appeared in the circuit court and moved to dismiss the cause from the court on grounds set up in his motion.

The court rendered its judgment on the trial of that *certiorari* proceeding, ordering that the petitioner Cox go hence without day and recover of the plaintiff the costs, from which judgment the plaintiff appeals.

The record discloses that the appellee, William Cox, attempted to sue out before a probate judge, who had no authority to issue it, a common law writ of *certiorari* to the circuit court, for the purpose of vacating the judgment of revivor against him as surety on the bond of J. H. Caraway, for an appeal from the judgment of the justice against him for the trial of the cause by a jury.

The court on the present appeal holds that no provision is made by statute which authorized the justice to render a judgment against the sureties of Caraway on his bond for appeal to a jury, nor is there statutory authority for the revival of judgment against them, in a proceeding before the justice for that purpose. Such proceeding was void; and upon common law *certiorari*, properly issued, the circuit court would have declared the judgment so rendered invalid and of no effect.

In this case, however, the writ was granted by a judge of probate, returnable to the circuit court; and in attempting to proceed in the case, predicated upon the issuance of such a writ by the probate judge the circuit court exceeded its authority and the judgment recoverable by it in favor of said Cox, and against the plaintiff is void, and being void will not support an appeal.