# Schulte *v.* Wilke.

## *Certiorari.*

(Decided May 12, 1910. 52 South. 526.)

1. *Justices of the Peace; Appointments; Statutes.*—Acts 1884-5, p. 402, is a local law fixing the name of the precincts and the justices of the peace thereof, and is not repealed by subsequent codes, and the number of precincts and boundaries can only be changed by the legislature notwithstanding sections 339, 340, 1106, 1107 and 4637, Code 1907, empowers county commissioners to establish election precincts and provides for justices in each precinct, and authorizing the governing board of each city to create new wards and divide the same into voting precincts.

2. *Same; Judgments.*—Where under the law there was no office of justice of the peace in and for the ward or precinct of a city, a justice purporting to act as such for such ward was not even a de facto officer, and his judgments were void.

3. *Certiorari; Void Judgment; Want of Jurisdiction.*—Certiorari is the proper remedy to review and quash judgments rendered by one purporting to act as a justice of the peace where he was not even a de facto justice.

[Schulte v. Wilke.]

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Certiorari instituted by Henry Schulte against Thomas Wilke, to quash a judgment rendered against him by an alleged justice of the peace. Judgment denying relief and petitioners appeals. Reversed and rendered.

G. H. KRUEMPEL, for appellant. The only office of the court is the quashing or affirmation of the proceedings brought up for review, and the city court erred in dismissing the writ.—*Town of Camden v. Bloch,* 65 Ala. 236; *McAlliley v. Horton,* 75 Ala. 492; *Independent P. Co. v. Am. P. Assn.,* 102 Ala. 947. The courts know who are justices of the peace.—*Beggs' Case,* 55 Ala. 108; *Coleman's Case,* 63 Ala. 93; *Sandlin v. Anderson,* 75 Ala. 403; *Russell v. Railway Co.,* 137 Ala. 627. Counsel insist that the Acts of 1884-5, p. 402, is the only division of the city of Mobile into precincts, and that only justices in those precincts are even de facto officers. It is further insisted that this act was not repealed by subsequent Codes or the act known as the Municipal Code Act.

No counsel marked for appellee.

ANDERSON, J.—The act of 1885 (Acts 1884-85, p. 402) provides for the election and regulation of justices of the peace in such territory in Mobile county as was formerly embraced within the boundaries of the late city of Mobile. It divides said territory into eight precincts, and provides a justice of the peace for each one. This, being a local law, was not repealed by any of the subsequent Codes, and so far as we are advised has not, as to the number of justices of the peace precincts, been repealed by any local law. This law, providing for only eight precincts and a justice of the peace for each one,

[Schulte v. Wilke.]

does not contemplate a tenth precinct and a justice of the peace for same. The Legislature having fixed the number of precincts and the justices of the peace for same, the boundaries or divisions, in so far as they relate to the office of justice of the peace, could only be changed by the Legislature.

It is true the county commissioners are authorized by general law (sections 339 and 340 of the Code of 1907) to change or establish election precincts, and section 4637 provides for two justices of the peace in each election precinct; but this applies only to those justices and precincts not heretofore covered by local law. It may also be true, that Municipal Code, §§ 1106, 1107, authorizes the governing board of a city to create new wards and to divide said wards into voting precincts; but it was not intended that an increase of wards or voting precincts could operate to change the number of justices of the peace or the territorial boundary of their jurisdiction, in the absence of a repeal of the existing local law on the subject.

It therefore results that there could be no office of justice of the peace in and for Ward 10 of the city of Mobile, and Van der Meulen was not even a de facto justice of the peace, and all judgments rendered by him were void, and could not support an appeal, and the proper remedy to review and quash same was by common-law certiorari.—*Tallassee Falls v. Jones,* 128 Ala. 424, 29 South. 448; *Stewart v. Cox,* 130 Ala. 676, 30 South. 909; *Beach v. Lavender,* 138 Ala. 406, 35 South. 352.

The judgment rendered by Van der Meulen against the petitioner being void, the action of the judge of the city court in failing to quash same was error, and a judgment is here rendered vacating said judgment.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.