173 So. 251

### BRANDON v. STATE.

### 6 Div. 990.

Supreme Court of Alabama.

June 25, 1936.

Rehearing Denied July 16, 1936.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Ernest Matthews, Clarence Mullins and John D. Hill, all of Birmingham, for defendant.

FOSTER, Justice.

The Court of Appeals reversed and remanded this case, on a holding that the indictment was subject to the demurrer interposed. The point on which it was held that the ruling was error is that there was no such office as "Deputy Circuit Clerk of the Criminal Division of the Circuit Court of the Tenth Judicial Circuit of Alabama," known to the law. The indictment charged that defendant was such officer; that he knowingly converted to his own use money which was paid into his office or received by him in his official capacity. It was held that there was no such office because the act of 1923 (page 15), approved February 3, 1923, which undertook to create that office, was unconstitutional and void.

In this case, the Court of Appeals heretofore propounded to us an inquiry as to its

constitutionality, and we replied that it was not enacted in accordance with the requirements of the Constitution, and was therefore void, under section 106. The act approved August 24, 1927 (p. 463), is in the same status. Upon the basis of that opinion, that court held that there was no such office as that described in the indictment, and that defendant could not be convicted on an indictment relating to an office which had no legal status.

The only question, therefore, is whether there was such an office, for it is true that if there was not such a de jure office, there could be not even a de facto officer in that capacity. King Lumber Co. v. Crow, 155 Ala. 504, 46 So. 646, 130 Am.St. Rep. 65; Schulte v. Wilke, 167 Ala. 663, 52 So. 526; Ex parte State, 142 Ala. 87, 38 So. 835, 110 Am.St.Rep. 20; Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178; Ex parte State, 201 Ala. 59, 77 So. 353.

But if there is such an office in law, and one is performing its functions claiming the right by some color of authority, whether legal or not, he is liable civilly and criminally for his conduct, as though he was duly and legally qualified. Diggs v. State, 49 Ala. 311; Pentecost v. State, 107 Ala. 81, 18 So. 146. Indeed, such seems to be the generally accepted view. People ex rel. Rusch v. Wortman, 334 Ill. 298, 165 N.E. 788, 64 A.L.R. 534; 46 Corpus Juris, 1062, § 379. The same principle applies to de facto deputies. 46 Corpus Juris, 1063, § 387.

If there is legal authority for the election or appointment of a deputy circuit clerk for that circuit to function as such in the criminal division of that court, and defendant was exercising the duties of that position under color of some sort of election or appointment, he was de facto such an officer. Diggs v. State, supra. It is immaterial by what legal authority the office exists.

If it exists independent of the act of 1923, it is immaterial that that Act is invalid. Ex parte State, supra.

The indictment alleges that he was such officer, and therefore there can be no question on demurrer as to the occasion of his holding the office, if there be such an office. So on the trial it is immaterial whether he was holding it by legal authority so long as he is acting as such officer and performing the functions of the office under claim of being such officer.

There is before us, therefore, only one question, and that is whether there was such an office as that described in the indictment. It cannot have existence under the act of 1923, supra, for that was not duly enacted, as required by section 106, Constitution. It must have support elsewhere if it exists. An act, approved September 25, 1915, p. 809, by section 3a, divided the circuit court in counties such as Jefferson into three divisions, equity, criminal and law, and provided for one assistant law clerk and one assistant criminal clerk, in addition to the clerk and to the register, but without limiting "in any manner * * * the number of deputies that may be necessary"; and in addition to a deputy clerk in counties having a circuit court in two divisions, Acts 1915, p. 741, evidently for the cut off.

When the Code of 1923 was prepared and section 3a was carried forward, it made sections 6686, 6687, 6688, and 6689, but did not contain, so far as we can find, that feature of it to which we have referred above, relating to assistant clerks. But section 421, Code, authorizes a deputy clerk in all counties having more than three circuit judges, and provides for his election. The margin refers to the Acts of 1915, p. 741, supra, but the Code section is not so limited as was that act. The Code section was enacted as a part of the Code, and is not dependent upon any previous act. That section as it now appears controls, and not as it appeared in the prior act. It does not apply to Bessemer any more than to Birmingham as it now appears in the Code, and may refer to a deputy either in the law or in the criminal division.

Section 6723, subsec. 2, Code, authorizes clerks of the circuit court to appoint deputies to transact all business of such clerks. We know of no section of the Code nor other act which covers the subject more in detail. So that section 421, Code, does make provision for the election of "a deputy circuit clerk" of Jefferson county, and by section 6723, Code, the circuit clerk may appoint deputies, without express limit, with authority to perform any official duty, or do any official-act, to be held valid at least upon collateral attack. Walker v. State, 107 Ala. 5, 18 So. 393.

This is without doubt ample provision of law for a deputy circuit clerk in that

circuit, although he is not expressly directed by law to perform those duties exclusively for the criminal division, but he may be so directed if appointed by the clerk.

If the indictment had alleged that defendant was a deputy clerk of the circuit court for that circuit, the designation would have been of one so expressly named by statute. Is it fatal to the indictment that it alleges that he was such deputy for the criminal division of the court? Section 4528, Code, provides that an indictment must not be held insufficient by reason of any defect in matter of form which does not prejudice the substantial rights of defendant. Section 4529, Code, provides that it must state the facts in ordinary and concise language in such manner as to enable a person of common understanding to know what is intended.

We do not think it is fatal to the indictment that it alleges that he was deputy clerk of the criminal division, when the statute does not specify the division. Under the indictment it must be shown that he was filling the office of deputy clerk of the circuit court of the Tenth judicial circuit by some color of authority, and that his services were rendered in the criminal division. We do not think it necessary to support the indictment that there shall be a law expressly providing that there be a deputy clerk in that division. The necessary allegations in that connection are that he was a deputy circuit clerk for that circuit. The additional averment that he was performing such duties in the criminal division does not require that there be a law which limits the duties of a deputy clerk to that dvision.

Moreover, since November 9, 1932, the date of approval of a local act, apparently valid (Local Acts 1932, Ex. Sess. p. 98), the law recognizes the existence of a deputy clerk of the criminal division of that circuit by fixing his salary at $4,200 per annum. The indictment was here returned May 14, 1934. We are clear that the demurrer to it on the ground that there was no such office was properly overruled.

Writ of certiorari awarded, the judgment of the Court of Appeals is reversed, and the cause remanded to that court for consideration of other questions presented by the record.

Writ awarded: reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and KNIGHT, JJ., concur.

BROWN, J., not sitting.