# King Lumber Co. *v.* Crow.

## *Bill to Quit Title.*

(Decided May 14, 1908.  46 South. 646.)

1. *Statutes; Enactment; Signature.*—The act creating the inferior court of Woodlawn, Jefferson County, Alabama, as signed by the speaker of the house and president of the senate, and the governor, is not the act as passed by the house and senate, since the bill as signed omits sections 18, 19 and 20, as passed by both houses, and hence, the bill is unconstitutional and void.

2. *Acknowledgment; Invalidity; Unauthorized Officer.*—Where the act creating the office is unconstitutional and void, the acts of the officer thereunder are not even de facto, and an acknowledgment taken before such an officer in the conveyance of a homestead separately by the wife, as to the homestead interest, is void.

3. *Appeal and Error; Review; Matters not Prejudicial to Appellant.*—This court will not consider on appeal a phase of a decree which is not prejudicial to the appellant.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by E. C. Crow against the King Lumber Company to quiet title to certain lands.  There was decree for complainant and respondent appeals.  Affirmed.

Z. T. RUDOLPH, for appellant.  No brief came to the Reporter.

CABANISS & BOWIE, and E. C. CROWE, for appellee.

McCLELLAN, J.—Bill to quiet title.  The property in question was the homestead of one Coe and wife.  The respondent (appellant) rested his claim to the property upon a mortgage from Coe and wife to the King Lumber Company.  The acknowledgments of the mortgagor and his wife were taken by J. W. Hood, who purported to be "judge of the inferior court of Woodlawn, Jefferson

county, Ala." The complainant (appellee) assails the separate acknowledgment of the wife as wholly void, because the act creating such court and a judge therefor is unconstitutional. This contention must be sustained, for the reason to be stated.

It appears from the journals of the Senate and House that, after the bill had passed the House, where it originated, the senate amended it by way of substitution of another bill therefor. This substituted bill contained sections 18, 19, and 20, which conferred additional, to that otherwise given by the bill, jurisdiction and powers on that court or judge created by the bill. This amending by the Senate was concurred in by the House, and as amended the House passed the bill, thus approving with the view to enactment, the whole bill, which, as said, embraced sections 18, 19, and 20. The bill signed by the Speaker of the House, the President of the Senate, and the Governor did not contain said sections 18, 19, and 20; the result being that the bill passed by the Legislature was not the bill signed by the officers whose signatures, after the method required by the Constitution, are essential to a valid enactment. The question raised by this status is within the principle asserted and appli ed in *Moog v. Randolph,* 77 Ala. 597. We, of course, cannot assume that the Legislature would have favorably acted upon the substituted bill, had it not contained the material provisions set forth in sections 18, 19, and 20; nor that the Governor would have approved the bill, had it, as presented to him, embraced those sections. We therefore pronounce the act unconstitutional; and, being so, there was legally created no such office as "judge of the inferior court of Woodlawn, Jefferson county, Ala.," and hence no basis on which to rest an application of the rules saving the acts of de facto officers.

The result is that the first mortgage of Coe and wife to appellant, undertaking to convey the homestead, was without the essential separate acknowledgment of the wife, and void, certainly to the extent of the homestead interest in the premises. The other phase of the decree, whereby the excess above $2,000 was condemned to the pro tanto satisfaction of the appellant's mortgage debt, is, of course, without prejudice to the appellant, and so will not be considered.

The decree appealed from is therefore affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.