FARMERS & MERCHANTS STATE BANK
OF SHAMROCK, Texas, Appellant.

v.

Rex HELTON and Gene Helton, Appellees.

No. 6446.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 29, 1954.

Rehearing Denied Jan. 3, 1955.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Crow & Crow, Canadian, for appellees.

NORTHCUTT, Justice.

This is an appeal from the order of the District Court of Hemphill County, Texas in refusing to transfer this cause to Wheeler County, Texas and overruling the plea of privilege of the appellant, Farmers & Merchants State Bank of Shamrock, Texas, a resident of Wheeler County, Texas addressed to a suit by the appellees Rex Helton and Gene Helton who resided in Hemphill County, Texas, declaring on a life insurance policy which insured the life of their father, M. C. Helton, in which Hazel Valentine Helton, wife of M. C. Helton, was named as beneficiary.

Appellees brought this suit in Hemphill County, Texas against Great Southern Life Insurance Company to recover upon Policy No. 870312 and made Hazel Helton, Glen Richardson d/b/a Richardson Funeral

Home, and Farmers & Merchants State Bank of Shamrock, Texas parties to the suit. The Great Southern Life Insurance Company answered in the suit and in said answer admitted liability and tendered certain funds into court and then pleaded all of the interested parties for the purpose of determining to whom the money should be payable. The answer of the Great Southern Life Insurance Company was filed after the Farmers & Merchants State Bank of Shamrock, Texas had filed its plea of privilege. Appellant also filed its plea of privilege to the answer of the Great Southern Life Insurance Company but that plea has not been determined and will not be considered in this opinion any further.

Appellees brought this suit upon the policy in question contending that the beneficiary under the policy, Hazel V. Helton, had forfeited all her rights in and to the proceeds of such policy because she had brought about the death of the insured, M. C. Helton, and that appellees were entitled to the proceeds from such policy since they were the nearest relatives of the insured. It is admitted that Mrs. Edna Lester, sister of M. C. Helton, is the qualified administratrix of the M. C. Helton Estate and such administration is pending in Wheeler County, Texas. The only parties interested in this appeal are Rex Helton, Gene Helton and Farmers & Merchants State Bank of Shamrock, Texas.

It is appellant's contention that the cause should be transferred to Wheeler County, Texas where the administration of the M. C. Helton Estate is pending because under the terms of the policy the proceeds of the policy should be paid to the administratrix of the M. C. Helton Estate.

Appellees contend they have the right to have the cause tried in Hemphill County, Texas where they reside because they are the nearest relatives of the insured M. C. Helton and that the interest of the beneficiary, Hazel Valentine Helton, has been forfeited because she willfully brought about the death of the insured M. C. Helton. The trial court sustained the contention of appellees and overruled appellant's plea of privilege to which action of the court, appellant excepted and has perfected this appeal.

Appellant presents this appeal upon three points of error as follows:

"First Point

"The error of the trial court in overruling appellant's plea of privilege and thereby of necessity holding that the appellees have shown a prima facie cause of action that can be maintained by them.

"Second Point

"The error of the trial court in overruling the appellant's plea of privilege and thereby necessarily holding that Article 21.23, Insurance Code, Revised Civil Statutes (old Article 5047) supersedes and nullifies the provisions of the insurance contract.

"Third Point

"The error of the trial court in overruling the appellant's plea of privilege and thereby necessarily holding that the appellees, Rex Helton and Gene Helton, sons of the insured, are entitled to maintain this action on the insurance policy, although they are not named as beneficiaries in the policy, and there is an administration pending on the estate of the insured and the policy provides contingently for the payment of the proceeds of the policy to the estate of the insured."

In appellee's brief at page 4, it states "Appellant bank stands in the position of being a creditor of the Estate of M. C. Helton (S.F. 6) and also holds an assignment of the policy by the beneficiary, Hazel Valentine Helton (S.F. 11)". As insurance policy providing for the payment of a certain sum to be paid to a certain beneficiary upon the death of the insured becomes a vested right upon the death of the insured and should be paid to the beneficiary unless from some contingency the beneficiary is not entitled to recover the same. If the beneficiary is entitled to receive the pro-

ceeds of the policy, it does not become a part of the deceased's estate. Appellant further contends since the insurance policy provides:

"The insured, may without the consent of any beneficiary, at any time and from time to time during the continuance of this policy, provided the policy has not been assigned, change the beneficiary by written notice to the company at its home office.

"If any beneficiary should die before the insured, the interest of such beneficiary shall vest in the contingent beneficiary, if any; if there is no contingent beneficiary, the interest of such primary beneficiary shall vest in the insured and the proceeds of this policy as a valid death claim shall then be paid to the executors or administrators of the estate of the insured.

"The policy also contained a family protection rider which reads in part as follows (Paragraph 2 of last page of policy):

"The amount shown in Column 2 is the additional amount of insurance required to provide a monthly income of $10.00 for the number of months indicated in Column 3. This supplemental contract will provide a monthly income of $200. Therefore the amounts quoted in Column 2 are to be multiplied by 20. Such income shall be payable to Hazel Valentine Helton—wife—Primary Beneficiary, if living, otherwise to—None—Contingent Beneficiary, if living, otherwise the amount shown in Column 2 shall be paid in a lump sum to the estate of the insured."

if Hazel Valentine Helton was not entitled to receive the proceeds of the policy the proceeds should be paid into M. C. Helton's Estate. The appellees contend that because of V.A.T.S. Insurance Code, Article 21.23, Hazel Valentine Helton has forfeited all her rights under the policy and that appellees are entitled to receive the proceeds of such policy as the next relatives of M. C. Helton and that they are entitled to maintain this suit in Hemphill County, Texas, the place of their residence, under Subdivisions 28 and 29a of Article 1995, Vernon's Annotated Civil Statutes of Texas. Article 21.23 is as follows:

"The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance. Acts 1951, 52nd Leg., ch. 491."

Subdivisions 28 and 29a of Article 1995 are as follows:

"28. Insurance.—Suits against fire, marine or inland insurance companies may also be commenced in any county in which the insured property was situated. Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides.

\*    \*    \*    \*    \*    \*

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. As added Acts 1927, 40th Leg., 1st C.S., p. 197, ch. 72, § 2."

Hazel Valentine Helton is living and is entitled to the proceeds of the insurance policy here in question unless she has forfeited all her rights under the policy because she willfully brought about the death of M. C. Helton. If she willfully brought about the death of M. C. Helton, under Article 21.23, the nearest relatives are the

only ones entitled to receive the proceeds of such insurance. If Hazel Valentine Helton forfeited all her rights to the beneficiaries from said insurance policy, she had nothing to assign to this appellant and all of appellant's rights would be determined by its being a creditor of M. C. Helton.

Under the policy, Hazel Valentine Helton, was the sole beneficiary if living—and she is living. Under the policy Hazel Helton was the only one entitled to receive the insurance as long as she was living—then if by virtue of the statute forfeiting her rights, the statute also determines who is to receive the proceeds and the statute states the nearest relative which we construe as meaning the nearest relative takes the place of the designated beneficiary. If the beneficiary willfully caused the death of the insured, she was deprived of receiving the benefits by statute and nearest relatives take by statute and have the same rights as the original beneficiary. We are of the opinion and so hold if it be shown that Hazel Valentine Helton willfully brought about the death of M. C. Helton then under Article 21.23 above-quoted, the nearest relative of M. C. Helton would be entitled to receive such insurance, and there is no dispute or contention made about appellees not being the nearest relatives. Hazel Valentine Helton although she was made a party to this suit, in no way contested the same and did not appear and testify and offer any excuse for killing M. C. Helton. Appellant, in its brief, admits M. C. Helton is dead and that he was shot and killed by Hazel Valentine Helton but contends there was no competent proof that such killing was willful.

■ We are not passing upon the question at this time as to the rights of the parties to receive the proceeds from such insurance but we think the evidence in this case is sufficient to raise a reasonable doubt as to who is the rightful owner thereof and that Hazel Valentine Helton willfully brought about the death of M. C. Helton and that the trial court correctly overruled the appellant's plea of privilege.

Judgment of the trial court is affirmed.

MARTIN, Justice (dissenting).

It should be borne in mind that this appeal is concerned solely with the issue of venue and not with the merits of the cause. The law is too well established to require citation of authority that the right to be sued in the county of one's residence is a valuable right and that the Exceptions to the venue statute must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile.

As stated in the majority opinion, the evidence is sufficient to establish that Hazel V. Helton willfully brought about the death of the insured, M. C. Helton. The testimony of Don A. Skidmore, an officer of appellant bank, is sufficient to establish such willful killing. As pointed out in the majority opinion, administration on the estate is pending in Wheeler County. The administratrix also resides in said county.

Appellees, in filing the suit in Hemphill County, sought to establish venue as to all parties, including Farmers & Merchants State Bank of Shamrock, Texas, under Exceptions 28 and 29a to Article 1995. Exception 29a provides "* * * Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." Appellant filed a stipulation in the trial court "* * * that the Farmers & Merchants State Bank of Shamrock, Texas considers itself both a necessary and proper party to this law suit". This stipulation supplies the necessary element of venue under the requirement of Exception 29a as to the appellant being a necessary party to the suit.

The above-stated requirement under Exception 29a as to "any and all necessary parties" being supplied by the stipulation of the appellant, the next issue is whether such suit is lawfully maintainable in Hemp-

hill County under Exception 28 to Article 1995 "as to any of such defendants"— namely, the defendant insurance company. Such Exception 28 provides:

"Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides."

Under the above Exception, appellees made no attempt to rely on the provision thereof requiring proof that the home office of the insurance company was located in Hemphill County or that the loss occurred in Hemphill County or that the policyholder resided in such county nor does the proof meet any of such provisions. Appellees sought to hold venue solely under that portion of Exception 28 providing that suit could be brought in the county where the "* * * beneficiary instituting such suit resides." Therefore, if venue as to this cause of action was properly laid in Hemphill County, appellees were required to prove that they were beneficiaries under the policy of insurance in issue. It is undisputed that appellees reside in Hemphill County and that the appellant bank is a resident of Wheeler County.

Under Article 21.23 of the Insurance Code, as above stated, Hazel V. Helton forfeited her interest as the beneficiary named in the policy of insurance by willfully bringing about the death of the insured. It is undisputed that Hazel V. Helton was named in the policy as the sole primary beneficiary and that the policy did not name a contingent beneficiary. Such policy contained the further provision:

"If any beneficiary should die before the Insured the interest of such Beneficiary shall vest in the Contingent Beneficiary, if any; if there is no con-

tingent Beneficiary the interest of such Primary Beneficiary shall vest in the Insured and the proceeds of the policy as a valid death claim shall then be paid to the executors or administrators of the estate of the Insured".

Under the above-uncontroverted facts, venue in this cause is determined by the law defining the term "beneficiary" as used in Exception 28, supra.

"A beneficiary of a life policy is the person designated by the terms of the contract as the one to receive the proceeds of the insurance; he is not a party to the contract—only the recipient of its proceeds." Bankers Protective Life Insurance Co. v. Monzingo, Tex. Civ.App., 127 S.W.2d 525. "A beneficiary, in insurance parlance, is a person to whom a policy of insurance is payable." 44 C.J.S., Insurance, § 49, p. 497.

A re-examination of the record, in the light of such authorities, reveals that the policy in issue does not name the appellees as either primary beneficiaries or as contingent beneficiaries. No sound contention can be made under this record that the appellees are beneficiaries under such policy of insurance within the provision of Exception 28, supra.

It is, therefore, apparent that no venue facts have been proven to bring this cause within Exception 28 to Article 1995 in that the undisputed evidence establishes that appellees, if they participate in the insurance at all, must take solely under the statute as the nearest relatives of the insured and not as beneficiaries named in the policy of insurance. Venue is not established under Exceptions 28 and 29a or any other exception to Article 1995.

Under the above principles, appellant's First and Third Points should be sustained and venue transferred to the residence of the defendant bank in Wheeler County, Texas.