251 So.2d 213

**PREFERRED RISK MUTUAL INSURANCE CO.**

v.

**Houston HOLMES.**

I Div. 648.

Supreme Court of Alabama.

July 22, 1971.

Leon C. Duke, Jr., Mobile, for appellee.

Baker, McDaniel, Hall & Parsons, Birmingham, for appellant.

MADDOX, Justice.

Preferred Risk Mutual Insurance Company brought a bill for declaratory judgment against its insured, Houston Holmes, seeking judicial relief from an arbitration award made pursuant to the uninsured motorist provisions of the policy of automobile liability insurance issued to Holmes which contained the usual uninsured motorist provisions affording coverage up to the limit of $10,000 for one person.

Holmes was involved in an automobile accident on August 29, 1967 with an uninsured motorist and made claim against Preferred Risk for the benefit of the uninsured motorist coverage.

At the time of the accident, Holmes was employed and received from Continental Insurance Company, his employer's Workmen's Compensation carrier, the sum of $6,760.50 in benefits pursuant to the Workmen's Compensation Laws of the State of Alabama. The uninsured motorist provisions of Preferred Risk's policy provided that any loss payable thereunder would be reduced by the amount paid to the insured under any Workmen's Compensation Law.

The parties agreed to arbitrate "the issue of the amount owed" and arbitration was duly had before a board of three arbitrators on December 29, 1969. A copy of the award was attached to the complaint. The parties stipulated the undisputed facts, including the facts that the uninsured motorist was at fault and that Holmes had been paid $6,760.50 in Workmen's Compensation benefits.

On January 2, 1970 the arbitrators made their findings and held that Holmes was entitled to recover $6,624.75. Holmes requested that the arbitration award be entered as a judgment pursuant to the provision of Title 7, § 830, Code of Alabama, 1940, on February 5, 1970. Preferred Risk filed on February 26, 1970 this bill for declaratory judgment, asking that the court declare the rights, status and legal relations of the parties under the terms of the policy, and to order that the provision for reduction from any loss payable under the uninsured motorist part of the policy by the amount of any Workmen's Compensation benefits was valid and lawful. The insurance company also asked that the court find that the award made by the arbitrators was invalid, illegal and unenforceable.

Holmes filed a demurrer to the complaint setting out as grounds that the bill of complaint showed affirmatively that the issues between the parties had been judicially determined by a Board of Arbitrators correctly selected, and that the court was without jurisdiction of the bill for declaratory judgment for the reason that another action or proceeding was pending in which the same persons were parties and in which the identical issues were adjudicated. The trial court sustained Holmes' demurrer and dismissed the cause with prejudice, hence this appeal.

Appellant raises three basic questions: (1) Did the trial court err in sustaining the demurrer? (2) Is the policy provision reducing the uninsured motorist coverage by the amount paid under Workmen's Compensation Law valid? (3) Was the legality or enforceability of the reduction clause subject to arbitration?

As we view the matter, an answer to question (2) of the validity of the policy

provision reducing the uninsured motorist coverage by the amount paid under Workmen's Compensation Laws will be dispositive of the dispute between the parties.

We consider first the action of the trial court in sustaining the demurrer to the bill for declaratory judgment.

The appellant, in its bill in the trial court, asked for a declaration of rights, as follows:

> "(4) That upon final hearing of this cause that this Honorable Court will declare the right, status and legal relations of the complainant and respondent under the uninsured motorist coverage of the said policy of insurance issued by the complainant.
>
> "(5) That upon final hearing of this cause that this Honorable Court will order, adjudge, declare or decree that the aforementioned provision for deduction of workmen's compensation payment from the amount of the arbitration award is valid and lawful, and that the said award made by said arbitrators is invalid, illegal and unenforceable."

While counsel for both sides have not agreed on the issues or that we should consider the matter on demurrer, (City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658 (1949); Mobile Battle House v. City of Mobile, 262 Ala. 270, 78 So.2d 642 (1955), we do not believe that the trial court's action in sustaining the demurrer, even if error, which we do not decide, should work a reversal. Error to warrant reversal must be prejudicial. In Schneider v. Mobile County, 284 Ala. 304, 224 So.2d 657 (1969), Mr. Justice Lawson, speaking for the Court, said:

> "We have said that where a bill seeking a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and declaration of rights made and entered only after answer and on such evidence as the parties

may deem proper on submission for final decree. An exception to this general rule is that where there is no factual controversy, and only a question of law is presented for decision, and particularly where counsel argue the case on the basis that a decision will settle the controversy and be desirous, it is proper to decide the question on demurrer. Orkin Exterminating Co. of North Alabama v. Krawcheck, 271 Ala. 305, 123 So.2d 149.

\* \* \* \* \* \*

> "We will assume solely for the purpose of disposing of the assignment of error presently under consideration that the trial court erred in sustaining the demurrer interposed to the original bill. But if such assumption be correct, which we do not decide, it would not follow that the decree should be reversed. Error to warrant reversal must be prejudicial. King Lumber Co. v. Crow, 155 Ala. 504, 46 So. 646. True, the complainant was required to amend but as to matters which did not place upon him any burden not present in the original bill. The cause proceeded to a final decree wherein declarations of rights of the parties were made. The declarations were not as complainant wanted them but he was not necessarily entitled under the averments of his original bill to declarations favorable to him. The rights of the parties were settled by the final decree and since the matters added by amendment in no way prejudiced complainant's case, we see no justifiable basis for reversing the final decree of the trial court here under review even on the assumption that the trial court should not have sustained the demurrer to the original bill."

Without question, the point on which the appellant sought a declaration of rights was the validity of the policy provision reducing the uninsured motorist coverage by the amount paid under Workmen's Compensation Laws. All the relief sought, by way of declaration or otherwise, was incidental to the validity of this policy provi-

**254**

sion. We agree with the appellant that at the time its brief was filed on October 31, 1970, this question was one of first impression in this Court. But, since then, this Court has decided that such a provision which reduces the amount of uninsured motorist coverage is invalid and unenforceable.

In State Farm Mutual Automobile Insurance Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (decided May 13, 1971), the Court held that under our Uninsured Motorist Act, (Act No. 866, Acts of Alabama 1965, p. 1614, found in Title 36, § 74(62a), Code of Alabama, 1940, Recomp.1958), an insurer cannot avoid the liability imposed by our Uninsured Motorist Act by inserting into a policy a liability limiting clause restricting an insured from recovering actual damages suffered, within the limits of a policy, where premiums have been paid for such uninsured motorist coverage, even though an insured has Workmen's Compensation benefits available to him. This Court reached a similar conclusion in Safeco Insurance Co. v. Jones, 286 Ala. 606, 243 So.2d 736 (1970). Both the *State Farm* and *Safeco* opinions contain extensive discussion of authorities from other jurisdictions and we deem it unnecessary to reiterate what was said in those decisions.

In reaching the result we have, we express no opinion on the question whether a declaratory judgment action is appropriate in instances where the parties have agreed to arbitrate, an award is made, and no appeal is taken from such award. Neither do we express an opinion on the question of what issues are arbitrable under the arbitration clause here involved.

In view of what we have said, the judgment of the lower court is due to be affirmed.

Affirmed.

LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.