**L. C. HAMAKER, Appellant,**

v.

**AMERICAN STATES INSURANCE COMPANY OF TEXAS,**
Appellee.

No. 16037.

Court of Civil Appeals of Texas, 1st Dist.

March 15, 1973.

Rehearing Denied April 12, 1973.

Helm, Jones & Pletcher, Richard P. Hogan, Houston, for appellant.

Gerald P. Coley, Houston, for appellee; Vinson, Elkins, Searls, Connally & Smith, Houston, of counsel.

COLEMAN, Justice.

This is an appeal from a summary judgment for the defendant granted in a suit for damages brought under the uninsured motorist provision of an insurance policy. The crucial question concerns the validity of a provision in the policy permitting the insurer to reduce the amount payable under the terms of the policy by the amount the insured has received in workmen's compensation payments.

Since the case has not been tried on its merits, the total damage suffered by appellant as a result of the accident has not been established. He alleged his damage to be the sum of $16,800.00. He admits receiving as workmen's compensation benefits a sum in excess of $10,000.00.

Art. 5.06–1, Insurance Code, V.A.T.S., provides:

"(1) No automobile liability insurance (including insurance issued pursuant to an Assigned Risk Plan established under

authority of Section 35 of the Texas Motor Vehicle Safety-Responsibility Act), covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . .

"(2) . . . . The State Board of Insurance is hereby authorized to promulgate the forms of the uninsured motorist coverage. The Board may also, in such forms, define 'uninsured motor vehicle' to exclude certain motor vehicles whose operators are in fact uninsured. . . .

"(3) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement, or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury, sickness or disease, or death for which such payment is made, . . . ."

Art. 5.35, Insurance Code, provides:

"The Board shall make, promulgate and establish uniform policies of insurance applicable to the various risks of this State . . . After such uniform policies shall have been established . . . the respective companies doing business in this State . . . shall . . . use said form or forms and no other; . . . ."

Art. 5.36, Insurance Code, provides:

"The Board shall prescribe all standard forms, clauses and endorsements used on or in connection with insurance policies. . . ."

■ By virtue of these Articles the Board is authorized to regulate the coverage of insurance policies by prescribing standard forms, clauses and endorsements. By enacting these Articles the legislature exercised its power to regulate a business affected with a public interest, and did not improperly delegate its legislative power. Board of Insurance Commissioners v. Carter, 228 S.W.2d 335 (Tex.Civ.App.— Austin 1950, err. ref., n. r. e.).

■ The duties of the commission have been characterized as ministerial and not legislative in character. "The board can exercise only such authority as is conferred upon it in clear and unmistakable terms by the Legislature. And its authority will not be extended by inference, but must be strictly construed." Scanlan v. Home Insurance Company, 79 S.W.2d 186 (Tex.Civ.App.—Beaumont 1935, writ refused).

■ "The business of insurance is of public concern and therefore subject to strict regulation and control by the state. Hence the rights of parties to contract with respect to insurance are limited by the laws of the state which are a part of every such contract. And any stipulation in an insurance policy which contravenes the statute is void." (citations omitted). Scanlan v. Home Insurance Co., supra.

■ It has been stated that uninsured motorist laws are remedial legislation and as such have been interpreted liberally to give effect to the policy behind them. Anno. Uninsured Motorist—Compensation, 24 A.L.R.3d 1370. In this annotation it is stated:

"Attempts, therefore, by the insurer to reduce his liability under an uninsured

motorist indorsement below the statutory minimum coverage have not been regarded sympathetically by the courts.

"However, where an attempt is made, as by means of the type of provision under consideration, to reduce the insurer's liability by the amount of any sums paid to the insured from other sources, while not reducing the insured's total recovery below the statutory minimum, there is a split of authority as to whether the provision will be given effect."

The provision permitting the deduction of workmen's compensation benefits from the loss payable has been found valid by the courts of California, Illinois, Michigan, New Hampshire and New York. Jarrett v. Allstate Insurance Company, 209 Cal. App.2d 804, 26 Cal.Rptr. 231 (1962); Niekamp v. Allstate Insurance Co., 52 Ill.App. 2d 364, 202 N.E.2d 126; Michigan Mutual Liability Co. v. Mesner, 2 Mich.App. 350, 139 N.W.2d 913 (1966); Hackman v. American Mutual Liability Ins. Co., 110 N.H. 87, 261 A.2d 433 (1971); Durant v. Motor Vehicle Accident Indemnification Corp., 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (1965). In Michigan, however, the compensation benefits are deducted from the total amount for which the uninsured motorist is liable rather than from the policy limits. Michigan Mutual Liability Co. v. Mesner, supra.

The provision has been held to be invalid by reason of conflict with the statute requiring insurance companies to offer uninsured motorist coverage in specified minimum amounts, by the courts of Florida, Oregon, Alabama, Louisiana, Rhode Island and by the 8th Circuit Court of Appeals applying the law of Nebraska. Southeast Title & Ins. Co. v. Austin, Fla., 202 So.2d 179 (1967); Peterson v. State Farm Mutual Automobile Ins. Co., 238 Or. 106, 393 P.2d 651 (1964); Preferred Risk Mut. Ins. Co. v. Holmes, 287 Ala. 251, 251 So.2d 213 (1971); Williams v. Buckelew, 246 So.2d 58 (La.App.1971); Aldcroft v. Fidelity & Casualty Co., 106 R.I. 311, 259 A.2d 408

(1969); Booth v. Seaboard Fire & Marine Ins. Co., 431 F.2d 212 (C.A. 8, Neb.1970).

The provision in the policy permitting deduction of the amount received by the insured under a medical payments clause in their policy from the loss payable by reason of the Uninsured Motorist provision is considered in an annotation, Uninsured Motorists—Medical Expenses, 24 A.L.R.3d 1353. Again there is a conflict as to the validity of such a provision. The annotation states that some courts hold the provision void usually on the ground that such a provision is an attempt to reduce coverage under the uninsured motorist indorsement below that required by statute. In support of this statement cases are cited from Florida, Arizona, Arkansas, Georgia, Illinois, Indiana, Kentucky, Louisiana, New Hampshire, New York, Ohio and Utah.

A similar lack of uniformity in the decisions of the courts is found on the question of the validity of the "other insurance" clauses usually included in the uninsured motorist coverage. The question is the subject of an annotation, Uninsured Motorists—"Other Insurance", 28 A.L.R.3d 551. These clauses have been held valid by the courts of Arizona, Arkansas, California, Illinois, Iowa, Louisiana, Michigan, New Hampshire, New York, Oregon, Utah and Washington. Clauses containing substantially the same language were held invalid by courts in Alabama, Florida, Georgia, Illinois, Kentucky, Massachusetts, Michigan, Mississippi, Nebraska, New Mexico, North Carolina, Pennsylvania, South Carolina, Rhode Island, Texas and Virginia.

Many of the courts upholding the validity of the provisions noted state that the purpose of the legislation requiring insurers to provide uninsured motorist coverage is to put the motorist injured in a collision with an uninsured vehicle in the same position that he would have been had the other motorist carried insurance in the minimum amount required by the financial responsibility law of the state. Where the liability

policies contain such provisions they reason that one who is unable to collect under the uninsured motorist coverage is in the same position he would have occupied had the uninsured motorist been covered by liability insurance in the minimum amount allowed by the financial responsibility law. Ullman v. Wolverine Insurance Company, 48 Ill.2d 1, 269 N.E.2d 295 (1970).

This reasoning was considered and rejected by the Court of Appeals of Louisiana, 2d Circuit, in Williams v. Buckelew, 246 So.2d 58, where the court said:

"While the effect of not allowing the credit for workmen's compensation benefits paid may be to permit an injured person to have a 'net' recovery greater in the case where the tortfeasor is uninsured than in the case where the tortfeasor has the minimum $5,000.00 policy limits this is not an unreasonable or inconsistent result. First of all the liability of a third-party tortfeasor or his liability insurer is not reduced or diminished because of workmen's compensation benefits paid to the plaintiff. They are liable for his full damages (the insurer's liability being limited, of course, to its policy limits). The right given by the workmen's compensation law to an employer and its compensation carrier to intervene or to seek reimbursement from the injured plaintiff for compensation benefits paid can and usually does serve to reduce the plaintiff's 'net' recovery but does not reduce the plaintiff's right against the third-party tortfeasor or his liability insurer. Be that as it may, we believe that the statute is clear in its affirmative requirement that uninsured motorist coverage be provided with minimum limits of $5,000.00 and that the clause under consideration here, insofar as it serves to reduce the policy limits below that amount, is invalid. There is no question of 'double' recovery here in that the total amount of plaintiff's damages substantially exceed defendant's policy limits plus the compensation benefits paid."

The Court of Appeals for the 8th Circuit, applying Nebraska law, also rejected the reasoning of the Ullman case in Booth v. Seaboard Fire & Marine Insurance Company, supra, saying:

"The defendant urges that the district court's holding is justified by the language found in Stephens [Stephens v. Allied Mutual Ins. Co., 182 Neb. 562, 156 N.W.2d 133] which reads: 'The insured is entitled to recover the same amount he would have recovered if the offending motorist had maintained liability insurance.' This construction of the language of the Stephens case slights the intended meaning of the Nebraska court. Workmen's compensation benefits are never setoff in favor of the tort-feasor. To apply Stephens in such a way fails to consider practical factors involved in workmen's compensation payments in relation to third party claims. The subrogation right of the compensation carrier exists against the tort-feasor and not the assured. . . ."

In American Liberty Insurance Company v. Ranzau, 481 S.W.2d 793 (Tex.1972), the Supreme Court of this State held that the uninsured motorists statute precluded the use of "other insurance" clauses to limit the recovery of actual damages caused by an uninsured motorist. There the court stated: ". . . But the Board may not act contrary to but only consistent with, and in furtherance of, the expressed statutory purposes; and if the 'other insurance' clause contravenes the statute, its prescription or approval by the Board is ineffective."

The Texas statute prohibits the delivery in this state of an automobile liability insurance policy unless coverage is provided therein in the limits described in the Texas Motor Vehicle Safety Responsibility Act" for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles" unless such cover-

age is rejected by the insured. Sec. 3 of the Act reads:

"The fact that the people of Texas are constantly exposed to financial loss caused by negligent, financially irresponsible motorists, and the further fact that it is the intent and purpose of this Act to provide a means of protecting the conscientious and thoughtful motorist against such loss, thereby benefiting all the citizens of this state, constitutes an emergency . . . ."

 The Act provides that the insurer making payment to an insured under the coverage shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury, sickness or disease, or death for which such payment is made. In view of this provision it is significant that no provision was included granting such an insurer a right to withhold payment of sums due the insured in the amount of sums collected as workmen's compensation benefits, or from other insurance. The declared purpose of the Act was to protect the people of Texas from financial loss caused by negligent financially irresponsible motorists. Such a purpose would be frustrated in many cases if the insurer is allowed to reduce its liability under its policy in the amount of workmen's compensation benefits to which the insured is entitled by reason of his employment by an insured employer.

The Supreme Court of Texas has held that Art. 6701h, Vernon's Ann.Civ.St., will be read into a policy failing to state the amount of the coverage. Allstate Insurance Company v. Hunt, 469 S.W.2d 151 (Tex.1971). Section 21(b) of such Act, under Article IV—Proof of Financial Responsibility for The Future, in the definition of a motor vehicle liability policy, provides that such owner's policy of liability insurance " . . . 2. Shall pay on behalf of the insured . . . all sums

which the insured shall become legally obligated to pay as damages . . . subject to limits . . . as follows: Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of one person in any one accident . . . ."

 In conformity with the statute in the policy in question the insurer agrees "to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile . . . ." The subsequent provision reducing "the amount payable" because of bodily injury by "the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law . . . ." reduces the coverage of the policy to an amount less than that required by law and, for that reason, is invalid.

The trial court erred in granting the summary judgment.

Reversed and remanded.