Ruby Lee Nelson DEVEROEX, Guardian
of Edwin H. Nelson, a minor,
Petitioner,

v.

Zan A. NELSON and the Estate of Cain
H. Nelson, Jr., Deceased, Respondent.

No. B–5102.

Supreme Court of Texas.

Oct. 29, 1975.

Funderburk, Powell & Gibson, George Red and William R. Powell, Jr., Houston, for petitioner.

Foster, Bratton & Golden, Thomas B. Foster, Jr. and B. Jeff Bratton, James P. Wallace, Bert E. Derden, Houston, for respondent.

**SAM D. JOHNSON, Justice.**

This is an heirship proceeding arising from an allegation of adoption by estoppel. At stake are the proceeds of four life insurance policies issued on the life of the father. The claimants of these proceeds are the guardian for the estate of the decedent's natural son, petitioner here, and the allegedly adoptive son, respondent. The trial court rendered judgment on a jury verdict that an adoption by estoppel had occurred and that the adoptive son would share the proceeds of the life insurance policies equally with the natural son. The court of civil appeals reformed the trial court judgment to reflect that the adoptive son would receive the entire proceeds of one of the insurance policies and, as reformed, affirmed. 517 S.W.2d 658. We affirm the judgment of the court of civil appeals.

In 1950 Cain H. Nelson, Jr., while serving in the United States Navy, met Helen A. Whitehead. At that time, Helen already had a four-year-old son named Zan, who was born out of wedlock. Cain and Helen were married in 1952 while still in Virginia. After living in Virginia for approximately one year following the marriage, the family moved to Houston where a natural son, Edwin H. Nelson, was born in 1959.

Testimony at the trial and the jury's answers to special issues established that Helen agreed to marry Cain and move to Houston with him after his discharge from the Navy on the condition that he would adopt Zan. The jury found that Cain verbally agreed to adopt Zan. The jury also found that after the marriage Zan was treated as the adopted son of Cain, although formal adoption proceedings were never instituted.

In 1967 Helen Nelson murdered Cain who died intestate. Helen was convicted and sentenced to a term in the Texas Department of Corrections. She has disclaimed any interest in the subject matter of this case.

Cain Nelson was covered by four life insurance policies, all four designating Helen as the primary beneficiary. The first two policies, written by Prudential Insurance Company of America, were for the sum of $18,769.51 and named "Zan Nelson, stepson of the insured and all children born of the marriage of the insured and said wife" as contingent beneficiaries. The third policy, written by Metropolitan Life Insurance Company, was for $14,000 and provided that the child or children of the deceased were contingent or secondary beneficiaries. The fourth policy, written by

First Financial Life Insurance Company, was for $7,863.38 and named Zan, whose relationship on the application was said to be "son," the sole contingent beneficiary.

After Cain's death an administration for his estate was filed in the probate court of Harris County. In that proceeding Zan filed an application for determination of heirship, claiming to be the adoptive son of Cain by estoppel. The probate court sustained Zan's claim. Ruby Lee Nelson Deveroex, guardian of the estate of the natural son, Edwin, appealed that matter to the district court.

The three life insurance companies which had issued the policies on Cain's life filed interpleader suits in the district court which were subsequently consolidated with the matter being appealed from the probate court. After trial to a jury, the trial court entered judgment on the verdict that Zan Nelson was the adopted son of Cain Nelson; that Zan Nelson and Edwin H. Nelson were the only heirs of Cain Nelson; that all life insurance proceeds were to be divided equally between Zan and Edwin; and that all court costs, including an *ad litem* attorney's fee for the unknown heirs of Cain Nelson, were to be taxed against the guardian of the estate of Edwin Nelson.

The guardian of the estate of the natural son appealed to the court of civil appeals. That court reformed the trial court judgment as it related to the insurance proceeds ($7,863.38) from the First Financial Life Insurance Company policy by awarding all of the proceeds from this policy to Zan and, as reformed, affirmed. In affirming, the court of civil appeals held that the evidence supported the jury finding that the requisites of an adoption by estoppel were present; that the doctrine of adoption by estoppel was applicable even though the agreement to adopt was entered *in Virginia*, a jurisdiction that does not recognize the doctrine; and that the assignment of error of the guardian regarding the taxing of costs was overly broad and thus ineffective to preserve the point for appeal.

We agree with the holdings of the court of civil appeals on these aspects of the case.

This writ was granted to consider the effect of Texas Insurance Code Annotated, Article 21.23 (hereinafter cited by article only), on the disposition of insurance proceeds when a contingent beneficiary has been named in the insurance policy. Article 21.23 states:

"The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance."

At issue are the proceeds from the First Financial Life Insurance Company policy which named Zan, whose relationship on the application was said to be "son," as the sole contingent beneficiary. The trial court awarded the proceeds of such policy to Zan and Edwin to be shared equally, apparently construing Article 21.23 to mean that the "nearest relative" receives the insurance proceeds if the primary beneficiary is precluded, by killing the insured, from receiving the proceeds. The court of civil appeals, modifying the trial court judgment, held that Zan is entitled to the entire proceeds of the First Financial policy as sole contingent beneficiary under the policy, notwithstanding Article 21.23.

Petitioner, the guardian of Edwin's estate, contends that the court of civil appeals erred in holding that the proceeds of the First Financial policy should be distributed to Zan as the sole contingent beneficiary rather than to Cain's nearest relative pursuant to Article 21.23. Petitioner further contends that Zan, the allegedly adopted child, is not a nearest relative of Cain within the meaning of Article 21.23. We do not reach the latter contention because we agree with the court of civil appeals.

Petitioner relies on *Drane v. Jefferson Standard Life Ins. Co.*, 139 Tex. 101, 161

S.W.2d 1057 (1942), for the proposition that the contingent beneficiary possesses no rights in the insurance proceeds while the primary beneficiary is living. Thus, petitioner argues that Zan obtained no rights in the First Financial policy proceeds because Helen was alive. Petitioner's reliance on *Drane* is misplaced. In *Drane* the primary beneficiary was alive and eligible to receive a monthly payment from the insurance proceeds. The contingent beneficiary sought an adjudication that he would receive the monthly payment, if any were left, after the primary beneficiary's death. The court held that such a judgment would be premature because the primary beneficiary was still alive and because the contingency might never arise. Unlike the *Drane* case, the instant case concerns a primary beneficiary who is ineligible to receive the insurance proceeds and the question presented is to whom should such proceeds be distributed. An adjudication of the contingent beneficiary's rights in the instant case is not premature.

█ Petitioner also argues that Zan has no right to the insurance proceeds under a strict reading of the policy terms. The First Financial policy provides that the proceeds should be paid to the primary beneficiary, "if living," otherwise to the contingent beneficiary.[1] Petitioner concludes that Zan's right to the proceeds did not vest because Helen, the primary beneficiary, was still alive. A similar question was considered in *Williams v. Williams*, 262 S.W.2d 111 (Tex.Civ.App.—Galveston 1953, no writ). In that case the insurance policy provided that the contingent beneficiary (the insured's son) would receive the proceeds if the primary beneficiary (the insured's wife) was not living. The insured and his wife were thereafter divorced. The insured's ex-wife, the primary beneficiary, was held to be disqualified to receive the insurance proceeds because she lacked the

required insurable interest. Since the insured's ex-wife was still alive, the question arose whether the proceeds should pass to the insured's son, who was the contingent beneficiary, or to the estate of the insured. The court, looking to the intent of the insured, held that the proceeds should pass to the insured's son. We prefer the rationale of the *Williams* decision which effectuates the intent of the insured.

█ The application of Article 21.23 is considerably more difficult. We are persuaded, however, by the reasoning of the court of civil appeals that "[t]he language of section 21.23 does not suggest the intention of the legislature to forfeit the right of a guiltless named beneficiary." 517 S.W.2d 658 at 664. Such construction not only effectuates the obvious intent of the insured, which he evidenced by designating a contingent beneficiary, but also effectuates the essential legislative objective of Article 21.-23, to provide for the exclusion from the policy proceeds of an individual who is a principal or an accomplice in bringing about the death of an insured. The legislative purpose in writing the second sentence of Article 21.23 was merely to exclude the insurance proceeds from the insured's estate and thereby prevent the murderer from receiving such proceeds as an heir of the decedent's estate. *Greer v. Franklin Life Ins. Co.*, 148 Tex. 166, 221 S.W.2d 857 (1949).

█ Accordingly, we would distribute the insurance proceeds to the nearest relative of the insured under Article 21.23 only if *all* of the beneficiaries, primary and contingent, are disqualified from receiving such proceeds. Since Zan is not disqualified, we hold that the proceeds of the First Financial policy should be distributed to him rather than to Cain's nearest relative pursuant to Article 21.23.

1. The First Financial Insurance Company's policy provides that the company "guarantees to pay to the designated Beneficiary as shown in the above Schedule of Insurance, if living, otherwise to the Contingent Beneficiary, if any, or subsequently designated . . .."

The judgment of the court of civil appeals is affirmed.

DANIEL, J., dissents in an opinion in which DENTON, J., joins.

DANIEL, Justice (dissenting).

I disagree with that part of the Court's opinion which permits Zan Nelson, the adopted son of the insured, to recover all of the proceeds of the First Financial policy as a secondary beneficiary instead of sharing the proceeds equally with Edwin Nelson, the insured's natural son, as nearest relatives of the insured in accordance with Article 21.23 of the Texas Insurance Code.

The holding is contrary to the plain words of both the insurance policy and the statute. The insurance contract provides that the secondary beneficiary shall receive the proceeds only if the primary beneficiary (Helen Nelson) is not living. However, Helen Nelson is still living. The policy is silent as to who shall take thereunder if the primary beneficiary is living but disqualified because she wilfully killed her insured husband. Article 21.23, however, contains a specific provision for payment of insurance proceeds under such circumstances. It reads:

> The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance.

The above article is as much a part of the insurance contract as if it had been incorporated in the policy. *Camden Fire Ins. Ass'n v. Harold E. Clayton & Co.*, 117 Tex. 414, 6 S.W.2d 1029 (1928). The rights of parties to contract with respect to insurance are limited by state laws which are a part of every contract. *Scanlan v. Home Ins. Co.*, 79 S.W.2d 186 (Tex.Civ.App., 1935, writ ref.); *Hamaker v. American States Ins. Co.*

*of Texas*, 493 S.W.2d 893 (Tex.Civ.App., 1973, writ ref. n. r. e.).

In the absence of a statute to the contrary, one Texas decision cited by the majority[1] and several from other states have permitted recovery by a secondary beneficiary while a disqualified primary beneficiary was still living. 27 A.L.R.3d 794, 835–837. None of these cases involved a statute such as Article 21.23, and I have found no decision, and none has been cited, in which a court has heretofore permitted insurance proceeds to go either to a secondary beneficiary or to the insured's estate when a statute directs payment to the nearest relatives.

Two Texas cases have dealt with Article 21.23 and applied its terms when contrary to those in the insurance policies. In *Greer v. Franklin Life Ins. Co.*, 148 Tex. 166, 221 S.W.2d 857 (1949), this Court related some of the history of the statute; held that it did not violate the constitutional provision forbidding "corruption of blood or forfeiture of estate" as the result of a criminal conviction; and decided that insurance proceeds should go to the insured's next of kin rather than to the named beneficiary who wilfully killed the insured.

In *Farmers & Merchants State Bank v. Helton*, 278 S.W.2d 352 (Tex.Civ.App., 1954, writ ref. n. r. e.), the policy provided that if the beneficiary was not living the proceeds would vest in the insured's estate. The beneficiary having wilfully killed the insured, the Court applied Article 21.23, holding that the nearest relatives of the deceased would be the only ones entitled to receive the proceeds of the insurance policy and that the creditors of the deceased's estate would have no claim thereto.

The Supreme Court of Wyoming considered a statute similar to Article 21.23 in *Dowdell v. Bell*, 477 P.2d 170 (Wyo.1970), wherein it was held that the plain language of the forfeiture statute controls over language contained in an insurance policy and

---

1. *Williams v. Williams*, 262 S.W.2d 111 (Tex.Civ.App., 1953, no writ).

that the proceeds would therefore be payable to the persons designated by the statute rather than the contingent beneficiary named in the policy.

The *Helton* and *Dowdell* decisions are not mentioned in the majority opinion or the opinion of the Court of Civil Appeals. I think they are well reasoned and should be followed here instead of attempting to find what the intent of the insured would have been if he had known his wife was going to kill him.

DENTON, J., joins in this dissent.