591 F.2d 343
 Edith REYNOLDS, Plaintiff,
v.
AMERICAN-AMICABLE LIFE INSURANCE COMPANY, Defendant.
Edna KING, Administratrix of the Estate of Myrtle Esther
McDaniel Reynolds, Deceased,
Intervenor-Defendant-Claimant-Appellant,
v.
Linda Beryl Smith OWEN, Intervenor-Defendant-Appellee.
 No. 78-2755
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 19, 1979.
 G. Hite McLean, Greenwood, Miss., for intervenor-defendant-claimant-appellant.
 Doran, Gulley & Etzel, Haygood Gulley, Quinton Etzel, Del Rio, Tex., for intervenor-defendant-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appeal is taken from a summary judgment in favor of the contingent beneficiary of a life insurance policy in this diversity suit. We affirm.
 
 
 2
 James Reynolds was the insured under a life insurance policy with American-Amicable Life Insurance Company which was issued while Reynolds was in the United States Air Force and stationed in South Carolina. At the time of his death, he was stationed in Texas. His wife, Edith Reynolds, was the primary beneficiary. His stepdaughter, Linda B. Owen, who was Edith Reynolds' daughter by a previous marriage, was named as the contingent beneficiary.
 
 
 3
 James Reynolds' death occurred in 1969. His wife, Edith, was subsequently convicted of his murder. Linda Owen testified against her mother under a grant of immunity. Owen did not participate in the murder but learned of it soon after it had occurred. She helped her mother clean up bloodstains in the house and car and concealed her knowledge for some two weeks before voluntarily making a statement to the authorities.
 
 
 4
 Edith Reynolds initiated this suit, claiming the proceeds of her husband's insurance policy. American-Amicable counterclaimed for interpleader and deposited the disputed funds into the registry of the court. In addition to Edith Reynolds and Linda Owen, appellant Edna S. King, as conservator of the estate of the deceased insured's mother, and as administratrix of the deceased insured's estate, was allowed to intervene. The parties filed cross motions for summary judgment. Judgment was entered awarding appellee Owen the proceeds of the policy. Edith Reynolds does not appeal. American-Amicable was dismissed prior to judgment. King is the sole appellant.
 
 
 5
 Appellant argues that either federal or South Carolina law, but not Texas law, should control this decision. There is no basis for the application of federal law here. In this diversity case the federal courts are governed by the law of Texas, the forum state. 28 U.S.C.A. § 1652; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where there is a question as to choice of law, the Erie doctrine requires federal courts to apply the conflict of law rules of the forum. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).
 
 
 6
 Appellant contends that the law of South Carolina should govern under the general choice of law rule that insurance policy disputes are decided under the law of the state where the policy was issued. The issue, however, was tried on the assumption that Texas law governed and it is only on appeal that appellant argues the applicability of South Carolina law. This contention should have been raised before the trial court and failure to do so has been held to constitute waiver of the issue. Gloma v. American Guarantee & Liability Insurance Co., 379 F.2d 545 (5th Cir. 1967), Rev'd on other grounds, 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968); Pellerin Laundry Machinery Sales Co. v. Reed, 300 F.2d 305 (8th Cir. 1962).
 
 
 7
 Had South Carolina law been applied, however, it does not appear that the result would have been different. The common law rule that a wrongdoer may not benefit from wrongs apparently is followed in South Carolina. Smith v. Todd, 155 S.C. 323, 152 S.E. 506 (1930). In effect, this rule is similar to the Texas statute applied by the trial court. Tex.Rev.Civ.Stat.Ann. art. 21.23 (Vernon).[1] Appellant recognizes this statute has been held to restate the common law rule. Greer v. Franklin Life Insurance Co., 148 Tex. 166, 221 S.W.2d 857 (1949).
 
 
 8
 The common law rule, however, does not prevent recovery by a person in the position of Linda Owen. She did not kill the insured nor participate in his murder in any fashion. The wrongdoing attributed to her is that she acted as an accessory after the fact in helping to conceal the murder. She was not an accomplice in willfully bringing about his death. The wrongful acts done by Owen were not undertaken in order to benefit under the insurance policy. In fact, her actions in helping conceal the murder, if realized, would have had the effect of enabling another, namely the murderess, to recover under the policy. The district court, therefore, properly ruled that Linda Owen was not barred by her actions. As the named contingent beneficiary, she is entitled to the proceeds. Deveroex v. Nelson, 529 S.W.2d 510, 513 (Tex.1975).
 
 
 9
 Appellant's final contention focuses on the language of the insurance policy. The primary beneficiary is Edith Reynolds, "if living." Otherwise, Linda Owen is entitled to the proceeds. Appellant contends that since Edith Reynolds is still living, Owen is ineligible to take under the policy. The Texas Supreme Court has rejected precisely the same argument in ruling in favor of a contingent beneficiary. Deveroex v. Nelson, supra at 513.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Tex.Rev.Civ.Stat.Ann. art. 21.23 provides:
 Forfeiture of Beneficiary's Rights
 The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance.