This is an insurance case involving uninsured motorist coverage.
The circuit court in a declaratory judgment action found the appellant-insured was entitled to $10,000 under the provisions of an insurance contract providing for uninsured motorist coverage.
The dispositive issue on appeal is whether the insurer may limit its coverage in situations where an apparent omnibus insured claims uninsured motorist benefits exceeding the minimum amount of coverage required by Alabama's uninsured motorist laws.
The pertinent facts are as follows:
The appellant-insured was struck by a hit and run driver while making roadside repairs to his employer's vehicle. He sustained severe personal injuries that necessitated the amputation of his foot. *Page 96 
Appellant was covered by workmen's compensation and he is to receive approximately $19,000 as compensation for his injury. It is stipulated that appellant's damages are in excess of $25,000.
Appellant's employer, Family Shows, Inc., had in effect at the time in question an insurance policy with Continental Casualty Co., Inc., the appellee-insurer. The policy covered the vehicle operated by appellant when he was injured. Appellant was covered under the terms of the policy, not as a named insured, but by permissive use of the insured vehicle; that is, by virtue of his occupancy. The insurance contract also provided for uninsured motorist coverage with a limit of $25,000.
Thereafter, appellant sought a declaratory judgment to establish that he was entitled to the full amount of uninsured motorist benefits available, to wit, $25,000. Appellee-insurer took the position that it was entitled to a setoff of $15,000 paid or payable as workmen's compensation benefits. This position is based on a provision contained in the policy reducing any amount payable to an insured by sums paid or payable under workmen's compensation law.
The learned trial judge found that appellee-insurer was by virtue of the insurance contract entitled to reduce the excess over the statutory minimum by amounts paid for workmen's compensation benefits. Consequently, appellant was awarded $10,000. In other words, the trial court determined that the excess $15,000 in uninsured motorist coverage over the required $10,000 could be reduced by the $19,000 in workmen's compensation benefits. From that judgment appellant appeals.
As stated previously, the dispositive issue is whether the insurer can limit uninsured motorist coverage as it pertains to an omnibus insured so long as the statutory minimum is left intact. We note at the outset that this appears to be a case of first impression and is, quite frankly, difficult to resolve.
Appellant contends that the policy provision limiting uninsured motorist coverage is void as being more restrictive than the uninsured motorist statutes. Appellant cites several cases that support the proposition that uninsured motorist laws set a minimum amount for recovery, but do not place a limit on the total amount of recovery so long as the amount does not exceed the limit of the policy and actual damages.
On the other hand, appellee-insurer contends that any coverage over the $10,000 minimum required by law can be limited by agreement. The appellee-insurer relies strongly upon the case of Lambert v. Liberty Mutual Ins. Co., 331 So.2d 260
(Ala. 1976), to support its position.
In that case, Lambert was a railroad employee injured in his employer's vehicle. Lambert was covered under his employer's uninsured motorist coverage provided by a "fleet" insurance policy. He was an "Insured" by virtue of his occupancy of the covered vehicle. Lambert attempted to stack the uninsured motorist coverage of several hundred vehicles covered under the "fleet" policy. The supreme court held that Lambert could not stack the uninsured motorist coverage because he did not fit the definition of an insured as a person "insured thereunder" in accordance with the uninsured motorist statute, Ala. Code §32-7-23 (1975). The supreme court reasoned that although the named insured is entitled to stack coverage for which he has paid a premium, General Mutual Ins. Co. v. Gilmore, 294 Ala. 546, 319 So.2d 675 (1975), where the insurer elects to broaden the definition of "insured" in its uninsured motorist policy it can limit the ability to stack coverage. This reasoning is based in part on the premise that the insured is entitled to the coverage which he may reasonably expect from the terms of his policy. If the insured is an "insured" solely by virtue of occupancy of the insured vehicle, he has no expectations, and therefore, there is no reason to require stacking. Lambert v.Liberty Mutual Ins. Co., supra.
In the present case, appellee-insurer reasons that if the omnibus insured is not entitled to stack coverage unless the policy expressly provides for such coverage, then by analogy, the omnibus insured can be *Page 97 
limited in the amount of uninsured motorist coverage as the parties to the contract agree.
While this may be so, this court finds that under the present facts and circumstances, the insurer cannot effectively limit uninsured motorist coverage in the manner attempted.
The policy provisions in question are contained in the uninsured motorist insurance endorsement for which a separate premium was paid by Family Shows. The pertinent parts read as follows:
"D. WHO IS INSURED.
. . . .
 "2. Anyone else [other than named insured, in this case Family Shows] occupying a covered auto . . . .
"E. OUR LIMIT OF LIABILITY
. . . .
 "2. Any amount payable under this insurance shall be reduced by:
 "a. All sums paid or payable under any workers' compensation, disability benefits or similar law. . . ."
There is no argument that under the terms of the policy, the appellant was insured by virtue of his occupancy of a covered vehicle. If this case involved stacking coverage there could be no doubt as to the outcome; Lambert would control and stacking would be denied. However, this case involves whether or not the clause reducing recovery by sums paid for workmen's compensation benefits is effective in limiting uninsured motorist coverage.
If the appellant were the named insured under the policy, this case would be easily resolved. The supreme court of this state held in Preferred Risk Mutual Ins. Co. v. Holmes,287 Ala. 251, 251 So.2d 213 (1971), that an insurer cannot avoid the liability imposed by the uninsured motorist laws by inserting into the policy a liability limiting clause restricting an insured from recovering actual damages suffered, within the limits of the policy, even though workmen's compensation benefits are available. Consequently, such clauses have been held void. See State Farm Mutual Automobile Ins. Co.v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971); Safeco Ins. Co.v. Jones, 286 Ala. 606, 243 So.2d 736 (1970). As the supreme court addressed the problem, however, it applied only to the named insured.
As the policy in the instant case reads, the limiting clause would be void where the named insured is concerned. Under the present facts it is difficult to this court to understand why the clause should be void against the named insured but applicable against an omnibus insured absent clear language indicating that it applies only to the omnibus insured.
If the liability limitation clause is more restrictive than the uninsured motorist laws where the named insured is concerned, there is no apparent reason why it is not more restrictive where the omnibus insured is involved. To say that the general clause purporting to limit liability as to all insureds under the uninsured motorist coverage applies to some and not to others would to this court be a strained interpretation which, in effect, reforms the contract. The clause, as it reads, is void, Preferred Risk Mutual Ins. Co. v.Holmes, supra, and this court cannot give it effect by rewriting it.
While it is true that insurance policies may be reformed,Highlands Underwriters Ins. Co. v. Eleganté Inns, Inc.,361 So.2d 1060 (Ala. 1978), in this case reformation of the void clause will not lie. The remedy of reformation is available to establish and perpetuate true agreement between parties by making the instrument express real intent of the parties. Reformation is not available to make a new agreement. HighlandsUnderwriters Ins. Co. v. Eleganté Inns, Inc., supra.
In the instant case, the appellee-insurer through able and distinguished counsel is, in effect, asking this court to write a new clause pertaining only to the omnibus insured and that amount in excess of the statutorily required $10,000 minimum coverage. Put another way, in order to make the clause effective, this court must separate one clause — void by law — into two distinct *Page 98 
parts, one applying to the named insured (which would still be void) and one applying to the omnibus insured. That would amount to writing a new contract, and this we may not do.Highland Under-writers Ins. Co. v. Eleganté Inns, supra. Seealso Aetna Ins. Co. v. Wilson Roofing Heating Co., 289 Ala. 719, 272 So.2d 232 (1972).
Furthermore, the public policy behind the uninsured motorist statutes, see State Farm Mutual Auto Ins. Co. v. Cahoon, supra;
and Safeco Ins. Co. v. Jones, supra, would prohibit reformation in this instance. The uninsured motorist statutes were created to provide compensation to the innocent injured party within the limits of the policy for actual damages sustained. See 12A Couch on Insurance § 45:629.
This court can see no reason to distinguish the omnibus insured from the named insured in this instance. The premiums have been paid for uninsured motorist coverage with a $25,000 limit. Although appellant did not pay the premiums, he nevertheless qualifies as an insured under the terms of the policy. He sustained actual damages in excess of the $25,000 policy limit. Had appellant been the named insured there is no doubt that the limiting clause would be void, and there is no logical reason why it should not be void against the omnibus insured as well.
In view of the foregoing, this case is due to be and is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.