WOODALL, Justice
(concurring in the result).
The minimum limit of uninsured-motorist (“UM”) coverage required by § 32-7-23, Ala.Code 1975, at the time of McKinney’s accident, was $20,000, and that is the amount of James McKinney’s coverage. McKinney and his insurer, Nationwide Mutual Fire Insurance Company, agree that McKinney is legally entitled to recover at least $45,000 from the tortfeasor, and that McKinney has already received $25,000, the limit of the tortfeasor’s liability coverage. Consequently, McKinney is entitled to recover the full amount of the UM coverage afforded by his policy.
Nationwide argues that McKinney’s recovery under the UM coverage must be reduced by the $2,000 it paid him under his medical-payments coverage. However, § 32-7-23 “sets a minimum amount for recovery, ... and ... where the premiums have been paid for [UM] coverage, we cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid.” Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 614, 243 So.2d 736, 742 (1970) (emphasis added). In other words, “an insurer cannot avoid the liability imposed by our Uninsured Motorist Act by inserting into a policy a liability limiting clause restricting an insured from recovering actual damages suffered, within the limits of the policy, where premiums have been paid for [UM] coverage, even though an insured has other similar insurance available to him.” State Farm Mut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 466, 252 So.2d 619, 621 (1971) (emphasis added). See also Preferred Risk Mut. Ins. Co. v. Holmes, 287 Ala. 251, 251 So.2d 213 (1971). Thus, it is “rather firmly established ... that the law of this state with respect to *1216 [UM] coverage precludes an insurer from collecting a premium for certain coverage, then taking that coverage away by a limiting clause, under the rationale that a contrary holding would be in violation of the [UM] statute.” Great Central Ins. Co. v. Edge, 292 Ala. 613, 616, 298 So.2d 607, 609 (1974).
Recent cases make it clear that policy terms that are more restrictive than § 32-7-23 are void as against public policy and, thus, unenforceable. See, e.g., Walker v. GuideOne Speciality Mut. Ins. Co., 834 So.2d 769, 772 (Ala.2002). Consequently, Nationwide may not reduce the amount it owes McKinney under his UM coverage by the amount it paid to him under the separate medical-payments coverage.
For these reasons, I concur only in the result.
COBB, C.J., and LYONS, J., concur.